**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

|  |  |  |
|---|---|---|
| CHEYENNE JONES AND SARA J. GAST, individually and as representatives of a class of similarly situated persons, on behalf of the COCA-COLA CONSOLIDATED, INC. 401(K) PLAN, | ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 3:20-cv-00654-FDW-DSC |
| v. | ) ) | |
| COCA-COLA CONSOLIDATED, INC., THE BOARD OF DIRECTORS OF COCA-COLA CONSOLIDATED, INC., THE CORPORATE BENEFITS COMMITTEE OF COCA-COLA CONSOLIDATED, INC. and DOES No. 1-20, whose names are currently unknown, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**CONSENT PROTECTIVE ORDER**

The Parties have agreed that certain categories of documents and information should receive confidential treatment. To that end, they have agreed to the terms of this Order.[1] Accordingly, it is ORDERED:

---

[1] The litigants in this case are Cheyenne Jones, Sara J. Gast, Coca-Cola Consolidated, Inc., the Board of Directors of Coca-Cola Consolidated, Inc., and the Corporate Benefits Committee of Coca-Cola Consolidated, Inc. (each individually a "Party" and collectively the "Parties").

1. **Scope.** This Order permits Parties and Non-Parties to designate and disclose documents and information in this case as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY (the "Covered Information"), in accordance with the procedures set forth below. This Order will govern all Covered Information that a Party or Non-Party produces or receives in discovery in the above-captioned case. It does not restrict or otherwise govern a Party's or Non-Party's use of its own Covered Information. Documents that are available in the public domain are not Covered Information.

2. **Definitions.**

    a. **"Confidential."** Information designated as "CONFIDENTIAL" is information that is not in the public domain and contains personal identifying information, personal financial information, protected health information, confidential and proprietary business information, and any other information that may reasonably be characterized by a Party as requiring confidential treatment to protect a legitimate business, privacy, or other interest.

    CONFIDENTIAL information includes, but is not limited to, the following information when it identifies an individual: social security numbers, addresses, account numbers, medical bills, medical charts, invoices, itemized billing statements, explanations of benefits, checks, notices, and requests, as well as any summaries or compilations of the information contained in those documents, inasmuch as such summaries or compilations themselves include CONFIDENTIAL information.

    CONFIDENTIAL information also includes Protected Health Information (PHI) as defined by the Health Insurance Portability and Accountability Act of 1996 (HIPAA) Privacy Rule. 45 C.F.R. § 160.103. A HIPAA Covered Entity may disclose PHI in the course of a judicial proceeding if certain "satisfactory assurances" are

- 2 -

Case 3:20-cv-00654-FDW-DSC   Document 40   Filed 08/02/21   Page 2 of 17

received. This Order provides the requisite satisfactory assurances that HIPAA requires. See 45 C.F.R. § 164.512(e)(1)(iv).[2]

In accordance with the HIPAA Privacy Rule, this Order allows for the disclosure and receipt of a patient's PHI in the possession of Parties and Non-Parties to this matter for the limited purpose of this litigation, including during discovery, at depositions, hearings, or other judicial proceedings. In accordance with the HIPAA Privacy Rule, this Order specifically prohibits Parties and Non-Parties from using or disclosing the PHI received in this case for any purpose other than the litigation. 45 C.F.R. § 164.512(e)(1)(v)(A). Also, in accordance with the HIPAA Privacy Rule, the PHI disclosed under this Order, including all copies made, will be returned to the Party or Non-Party that produced it, or will be destroyed within sixty days of the conclusion of this litigation. 45 C.F.R. § 164.512(e)(1)(v)(B). If the recipient elects to destroy the PHI disclosed under this Order, the recipient must provide a certificate of destruction to the Party or Non-Party that produced such PHI within sixty days of the conclusion of this litigation.

All Parties and Non-Parties will treat all CONFIDENTIAL information and all copies of CONFIDENTIAL information as subject to this Order unless and until the Court orders otherwise or the Parties mutually stipulate otherwise.

This Order constitutes a qualified protective order under 45 C.F.R. § 164.512(e)(1)(v)(A)-(B) of HIPAA's Privacy Rule.

---

[2] CONFIDENTIAL information will also include information supplied in any form, or any portion thereof, that directly or indirectly identifies an individual in any manner or for which there is a reasonable basis to believe could be used to identify the individual and relates to the past, present, or future physical or mental health or condition of the individual, the provision of health care services or supplies to the individual, or the past, present, or future payment for the provision of health care to the individual.

This Order recognizes that it is not practicable to identify and contact all individuals whose names or privileged information may be contained in such records and that redaction of all such information would be extremely difficult and would delay the proceedings in this Court. A producing Party may, but is not required to, elect to redact from any PHI information reflecting the identities of non-Parties (including putative class members), such as their names, addresses, phone numbers, social security numbers, or member identification numbers, as an additional layer of protection. A producing Party must give reasonable notice of any proposed redactions to the requesting Party. If the requesting Party believes the identities are necessary, then the Parties will meet and confer, and if the issue cannot be resolved, the requesting Party may raise the issue with the Court upon a motion. The requesting Party will retain the burden of establishing the impropriety of the redactions.

**b. "Confidential-Attorneys' Eyes Only."** Information designated as "CONFIDENTIAL-ATTORNEYS' EYES ONLY" is information that the designating Party or Non-Party reasonably and in good faith believes is so competitively sensitive that its disclosure to another Party could result in significant competitive or commercial disadvantage or other significant harm to the designating Party or Non-Party or another person.

3. **Form and Timing of Designation.**

**a. Documents**. A Party or Non-Party may designate a document as confidential by stamping the word(s) CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY on each page of the document in a manner which will not interfere with the document's legibility. If a document cannot be stamped on each page and is instead produced in native format in accordance with the agreed Stipulation Regarding the Collection and Production of Documents and Electronically Stored Information, a Party or Non-Party may designate the document

(including but not limited to MS-Excel files) as confidential by (i) stamping the word(s) CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY on a bates-numbered single-page .TIFF or .TIF image stamped "Produced in Native Format" and (ii) marking the native document with a similar notation in a manner that will not interfere with the document's legibility. Documents generally should be designated by the producing Party before, or contemporaneously with, the production or disclosure of the documents. But inadvertent or unintentional production of documents without prior designation will not be deemed a waiver, in whole or in part, of the right to designate documents as otherwise allowed by this Order.

**b. Deposition or Other Proceeding.** In the case of depositions or other pre-trial testimony, designation of the portion of the transcript (including exhibits) containing Covered Information will be made (i) by a statement to that effect on the record during the proceeding in which the testimony is received, or (ii) by written notice served on the court reporter and all counsel of record in this litigation within fourteen business days after receipt of the transcript. The court reporter will indicate the portions designated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY and segregate them as appropriate. But before that fourteen-business-day period expires, all testimony, exhibits and transcripts of depositions or other testimony will be treated as CONFIDENTIAL-ATTORNEYS' EYES ONLY material.

**c. Written Discovery Responses.** Specific discovery responses (including responses and objections to interrogatories, requests for production of documents, and requests for admission) may be designated as confidential by marking the pages of the document that contain such information with the notation CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY.

**d. Non-Written Materials.** Any non-written Covered Information may be designated by labeling the outside of that non-written material with the words CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY. If a receiving Party generates any "hard copy" transcription or printout from any designated non-written materials, then the person who generates that "hard copy" transcription must affix the appropriate stamp under Paragraph 3(a) above and take reasonable steps to maintain the confidentiality of those materials.

**e. Designation Of Materials Produced By Another Party or Non-Party.** A Party or Non-Party may designate as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY materials produced by another Party or Non-Party under this Order. Those designations generally should be made within fifteen business days of receiving the production, to the extent practicable. But any failure to make the designation within that period will not be deemed a waiver, in whole or in part, of the right to designate documents as otherwise allowed by this Order. Parties and Non-Parties will comply with all reasonable requests to delay distribution of produced materials until such time as a Party or Non-Party can review the production to determine whether a designation is warranted.

4. **Protection of Covered Information.**

   **a. General Protections.** No Covered Information will be used or disclosed for any purposes whatsoever other than preparing for and conducting the litigation. This restriction applies to all persons permitted to see Covered Information under this Order.

   **b. Disclosure of Covered Information.**

   (1) **Counsel and Court Personnel**. The following individuals may review CONFIDENTIAL and CONFIDENTIAL-ATTORNEYS' EYES ONLY documents and information without the prior approval of the designating Party and without

executing an acknowledgment (in the form set forth at Attachment A) that they have read and understand the terms of this Order and are bound by it. Such documents must be used solely for purposes of this litigation.

- A. The Parties' Counsel (including in-house and outside counsel) and all of their respective employees and document services vendors;
- B. The Court, any mediator that the Court orders or the Parties agree to, and their respective staffs; and
- C. Court reporters, videographers, and stenographers transcribing a deposition, conference, hearing, or trial.

(2) **Parties.**
- A. The Parties may review CONFIDENTIAL documents and information only after executing an acknowledgment (in the form set forth at Attachment A) that they have read and understand the terms of this Order and are bound by it. Such documents must be used solely for purposes of this litigation.
- B. The Parties may not review CONFIDENTIAL-ATTORNEYS' EYES ONLY documents or information.
- C. All signed acknowledgements by the Parties will be maintained by the Parties' Counsel and will be provided to the designating Party or Non-Party upon request.

(3) **Limited Disclosure of Covered Information.** The Parties, the Parties' Counsel, and all of their respective employees and document services vendors will not disclose or permit the disclosure of any documents or information designated

CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY under the terms of this Order to any other person or entity except those set forth below, and then only after the person to whom disclosure is to be made has executed an acknowledgment (in the form set forth at Attachment A) that they have read and understand the terms of this Order and are bound by it. All signed acknowledgements of the following individuals will be maintained by the Parties' Counsel and will not be disclosed to opposing counsel unless the Parties agree to disclosure or the Court finds that disclosure is necessary to investigate a violation of this Order. Subject to those requirements, the following categories of persons may be allowed to review information designated CONFIDENTIAL and CONFIDENTIAL-ATTORNEYS' EYES ONLY under this Order:

- A. Investigators, consultants, expert witnesses, or settlement administration vendors retained by the Parties or the Parties' Counsel in connection with the litigation;
- B. Witnesses and their counsel in preparation for or during depositions, court-mandated conferences or hearings, or the trial of this case, provided that (a) the record reflects that the witness is already familiar with the subject matter of the CONFIDENTIAL information and (b) no copies of CONFIDENTIAL material may be retained by such witnesses or their counsel;
- C. Individuals who authored, prepared, or previously received the information;

D. Insurance companies from which Defendants have sought or may seek coverage to (i) provide or reimburse for the defense of this litigation or (ii) satisfy all or part of any judgment; and

E. Any other persons upon consent of the designating Party or Non-Party or upon order of the Court.

**c. Copies.** All copies, duplicates, extracts, summaries, or descriptions of Covered Information designated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY under this Order, or any portion of such a document, must be affixed with the appropriate designation if it does not already appear on the copy. The copies, duplicates, extracts, summaries, or descriptions will be afforded the full protection of this Order.

**5.** **Filing of Covered Information.** Subject to Paragraph 6, any Party seeking to file Covered Information with the Court must contact the designating Party or Non-Party five business days before the filing to (a) provide the designating Party or Non-Party with notice that it seeks to file Covered Information with the Court; and (b) meet and confer in good faith to determine whether a redacted version of the Covered Information can be filed with the Court. If the Parties do not agree to file a redacted version, the Party seeking to file such Covered Information must file such material in accordance with the Court's standard procedures for filing documents under seal (*see* Local Civil Rule 6.1) when any documents (including briefs), tangible things, or information designated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY are submitted to the Court in support of or in opposition to a motion or introduced at a hearing or during trial. The Parties must work together in good faith to coordinate the filing of all motions and material covered by this paragraph to permit compliance with the Local Rules.

**6. Challenges to Designation.** Any designation is subject to challenge according to the following procedures:

    **a.** The burden of proving the necessity of a designation remains with the Party or Non-Party asserting confidentiality.

    **b.** A Party or Non-Party who contends that documents designated are not entitled to confidential treatment must give written notice to the designating Party or Non-Party of the specific documents (by Bates number) and specific basis for the challenge. The designating Party or Non-Party will have fifteen days from service of the written notice to determine whether the dispute can be resolved without judicial intervention. If no resolution is reached, the Party challenging the designation may move the Court for an order removing the designation, and any papers filed in support of or in opposition to this motion must, to the extent necessary, be filed under seal to preserve the claimed confidentiality of the material.

    **c.** Notwithstanding any challenge to the designation of documents, all material previously designated CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY must continue to be treated as subject to the full protections of this Order until either (1) the Party or Non-Party claiming the designation withdraws such designation in writing or (2) the Court rules that the documents should no longer be designated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY.

    **d.** Challenges to the confidentiality of documents may be made at any time and are not waived by the failure to raise the challenge at the time of initial disclosure or designation.

**7. Inadvertent Production of Privileged Information or Work Product.** Consistent with Rule 502 of the Federal Rules of Evidence, the inadvertent disclosure of protected communications or information will not constitute a waiver of any privilege or other protection (including work product). Upon realizing an

- 10 -

Case 3:20-cv-00654-FDW-DSC   Document 40   Filed 08/02/21   Page 10 of 17

inadvertent disclosure, the producing Party will notify the receiving Party of the inadvertent disclosure and instruct the receiving Party to promptly sequester, return, delete, or destroy all copies of the inadvertently produced communications or information (including any and all work product containing such communications or information). Upon receiving such a request from the producing Party, the receiving Party must promptly sequester, return, delete, or destroy all copies of such inadvertently produced communications or information (including any work product containing such communications or information), and must make no further use of such communications or information (or work product containing such communications or information). Nothing in this Order prevents the receiving Party from challenging the propriety of the attorney-client, work product, or other designation of protection.

## 8. Treatment on Conclusion of Litigation.

**a. Order Remains in Effect.** The Court will retain continuing jurisdiction after the conclusion of this litigation, including without limitation during any appeal, to enforce the provisions of this Order, in accordance with its contempt powers and with all other powers provided for in this Order. The ultimate disposition of protected materials is subject to a final order of the Court on the completion of the litigation.

**b. Return of Designated Documents.** Subject to any final order of the Court on the completion of the litigation, within thirty days after the conclusion of the litigation, including conclusion of any appeal, all documents treated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY under this Order must be returned to the producing Party or Non-Party unless: (1) the document has been entered as evidence or filed in Court; or (2) the receiving Party opts for destruction in lieu of return, in which case the receiving Party should provide prompt notice of this election and provide a certification that it has destroyed all applicable

Covered Information within thirty days after the conclusion of the litigation. Notwithstanding the above requirements to return or destroy documents, counsel of record may retain attorney work product, without limitation. An attorney may use his or her work product in a subsequent litigation provided that such use does not disclose the confidential information. Additionally, the Parties need not destroy backup media so long as the Party has a data destruction policy for the backup media that will result in the overwriting or destruction of that data. Similarly, in-house counsel, outside counsel, experts or consultants retained to assist with the litigation, and their respective employees or staff, are not required to destroy CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY material contained in their email accounts or document management systems, so long as they otherwise comply with this Order with respect to such retained material.

      **9.** **Order Subject to Modification.** This Order is subject to modification on the motion of any Party. The Order will not, however, be modified until the Parties have been given notice and an opportunity to be heard on the proposed modification.

      **10.** **No Judicial Determination.** This Order is entered for the purpose of facilitating discovery and protecting confidentiality. Nothing in the Order will be construed or presented as a judicial determination that any specific document or item of information designated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY by counsel is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until a document-specific ruling has been made.

      **11.** **Persons Bound.** This Order is effective upon being entered and binds: (1) counsel of record who signed below and their respective law firms; (2) their respective clients; and (3) Non-Parties.

**12. Relief from Order.** A Party or Non-Party needing relief from the provisions of this Order may, if agreement between or among the Parties cannot be reached, seek appropriate relief from the Court upon due notice to all other Parties. This Order is without prejudice to all rights of Parties and Non-Parties regarding objections as to discovery and admissibility as set forth in this Court's Local Civil Rules and Federal Rules of Civil Procedure. Each Party specifically reserves the right to object to the use or admissibility of all confidential information disclosed, in accordance with applicable law.

**13. Service of Order.** The Parties will serve a copy of this Order simultaneously with any subpoena or other discovery request made to a Non-Party.

**SO ORDERED.**

Signed: August 2, 2021

_____
David S. Cayer
United States Magistrate Judge

Dated: August 2, 2021

*/s/ Brian D. Boone*
Brian D. Boone
N.C. Bar No. 38910
Brandon C.E. Springer
N.C. Bar No. 54523
ALSTON & BIRD LLP
101 South Tryon Street, Suite 4000
Charlotte, NC 28280-4000
Phone: (704) 444-1000
Fax: (704) 444-1111
brian.boone@alston.com
brandon.springer@alston.com

Emily S. Costin
*Pro hac vice*
ALSTON & BIRD LLP
The Atlantic Building
950 F Street, NW
Washington, DC 20004
Phone: (202) 239-3695
Fax: (202) 239-3333
emily.costin@alston.com

R. Blake Crohan
*Pro hac vice*
ALSTON & BIRD LLP
One Atlantic Center
1201 W. Peachtree St., Suite 4900
Atlanta, GA 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
blake.crohan@alston.com

*Counsel for Defendants*

*/s/ Mark K. Gyandoh*
Mark K. Gyandoh (*pro hac vice*)
Gabrielle P. Kelerchian
Capozzi Adler, P.C.
312 Old Lancaster Road
Merion Station, PA 19066
Telephone: (610) 890-0200
Facsimile: (717) 233-4103
Email: markg@capozziadler.com
gabriellek@capozziadler.com

Daniel K. Bryson, NC Bar No. 15781
Jeremy R. Williams, NC Bar No. 48162
Whitfield Bryson LLP
900 W. Morgan Street
Raleigh, NC 27603
Telephone: (919) 600-5000
Facsimile: (919) 600-5035
Email: dan@whitfieldbryson.com
jeremy@whitfieldbryson.com

Kolin C. Tang
Miller Shah LLP
201 Filbert Street, Suite 201
San Francisco, CA 94133
Telephone: (415) 429-5272
Facsimile: (866) 300-7367
Email: kctang@millershah.com

James E. Miller
Laurie Rubinow
Miller Shah LLP
65 Main Street
Chester, CT 06412
Telephone: (860) 526-1100
Facsimile: (866) 300-7367
Email: jemiller@millershah.com
lrubinow@millershah.com


James C. Shah
Alec J. Berin
Miller Shah LLP

1845 Walnut Street, Suite 806
Philadelphia, PA 19103
Telephone: (610) 891-9880
Facsimile: (866) 300-7367
Email: jcshah@millershah.com
ajberin@millershah.com

Donald R. Reavey
Capozzi Adler, P.C.
2933 North Front Street
Harrisburg, PA 17110
Telephone: (717) 233-4101
Facsimile: (717) 233-4103
Email: donr@capozziadler.com

*Counsel for Plaintiffs and the Plan*

# ATTACHMENT A

# ACKNOWLEDGMENT OF UNDERSTANDING AND AGREEMENT TO BE BOUND

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| CHEYENNE JONES AND SARA J. GAST, Individually and as representatives of a class of similarly situated persons, on behalf of the COCA-COLA CONSOLIDATED, INC. 401(K) PLAN,<br><br>Plaintiffs,<br><br>v.<br><br>COCA-COLA CONSOLIDATED, INC., THE BOARD OF DIRECTORS OF COCA-COLA CONSOLIDATED, INC., THE CORPORATE BENEFITS COMMITTEE OF COCA-COLA CONSOLIDATED, INC.; and DOES No. 1-20, Whose Names Are Currently Unknown,<br><br>Defendants. | Case No. 3:20-cv-00654-FDW-DSC |

## ACKNOWLEDGMENT OF UNDERSTANDING AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he or she has read the Order dated [_____], in the above captioned action, understands the terms thereof, and agrees to be bound by such terms. The undersigned submits to the jurisdiction of the United States District Court for the Western District of North

Carolina in matters relating to the Order and understands that the terms of said Order obligate him/her to use discovery materials designated CONFIDENTIAL solely for the purposes of the above-captioned action, and not to disclose any such confidential information to any other person, firm or concern.

The undersigned acknowledges that violation of the Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

Date: _____

Signature: _____