UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:20-cv-00654-FDW-DSC

| | |
|---|---|
| CHEYENNE JONES *et al.*, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | )<br>) |
| | ) ORDER and NOTICE OF HEARING |
| COCA-COLA CONSOLIDATED INC. *et al.*, | )<br>)<br>) |
| Defendants. | )<br>)<br>) |

THIS MATTER is before the Court on Defendants' Motion to Strike Declaration and Portions of Plaintiffs' Reply that Rely on it (Doc. No. 64), or, in the alternative, Defendants' Motion for Leave to File Sur-Reply (Doc. No. 64). These motions are now ripe. For the reasons stated below, the Court GRANTS Defendants' Motion for Leave to File Sur-Reply and DENIES Defendants' Motion to Strike without prejudice.

### BACKGROUND

On July 30, 2021, the parties filed a Joint Stipulation for Extension of Class Discovery Deadline, extending the deadline for completing class-certification discovery to August 16, 2021. (Doc. No. 38). Despite this extension, Plaintiffs assert that neither party disclosed their intent to use an expert report in connection with their class certification memoranda to the other party until after the August 16, 2021 deadline. (Doc. No. 66). Although Defendants do not discuss whether their own disclosure was timely, they do assert Plaintiffs never disclosed their expert witness' expertise nor conveyed their intent to submit a rebuttal export report, alleging Defendants learned of Plaintiffs' expert witness only through Plaintiffs' filing of their

Memorandum in Support of their Motion to Certify Class (Doc. No. 61) and Declaration of Gerald W. Buetow, Jr. (Doc. No. 63) on September 17, 2021. (Doc. No. 65, p. 3).

Despite the untimely disclosure of the parties' proposed expert witnesses, the undisputed record shows that Defendants provided Plaintiffs the opportunity to depose Defendants' expert witness, Ms. Lucy Allen, on September 7, 2021. (Doc. No. 66, p. 4). In contrast, Defendants assert that Plaintiffs refused to allow Defendants to depose Dr. Buetow. (Doc. No. 65, pp. 3-4). Based on the foregoing, Defendants move this Court to strike Dr. Buetow's Declaration and the portions of Plaintiffs' Reply that rely on it, or, in the alternative, to grant Defendants leave to depose Dr. Buetow and file a surreply. (Doc. No. 64).

### MOTION FOR LEAVE TO FILE SUR-REPLY

Under Local Rule 7.1, "leave of Court may be sought to file a surreply when warranted". LCvR 7.1(e). In general, courts permit a party to file a surreply when fairness dictates based on new arguments or evidence. See Turner v. Griffin, 2019 U.S. Dist. LEXIS 138435, at *2 (W.D.N.C. Aug. 9, 2019) (quoting DiPaulo v. Potter, 733 F. Supp. 2d 666, 670 (M.D.N.C. 2010) ("courts permit a party to file a surreply 'only when fairness dictates based on new arguments raised in the previous reply'"); Hall v. Stouffer, 2018 U.S. Dist. LEXIS 163817, at *17-19 (D. Md. Sept. 25, 2018) (granting Plaintiff's Motion For Leave to File Surreply based on new evidence presented as an attachment to Defendants' Reply).

Here, fairness clearly dictates granting leave for Defendants to depose Dr. Buetow and file a surreply. Without granting such leave, Defendants would undeniably be prejudiced. See Hoyle v. Freightliner LLC, 650 F.3d 321, 330 (4th Cir. 2011) ("Defendant has clearly been prejudiced in that it has lost its opportunity to depose [a witness]"). Moreover, permitting Defendants' deposition of Dr. Buetow "will enable the Court to engage in the required rigorous

analysis to determine whether Plaintiffs have met the requirements of Rule 23 of the Federal Rules of Civil Procedure" for class certification. Clay v. Cytosport, Inc., No. 15-cv-001650L (DHB), U.S. Dist. LEXIS 197901, at *14 (S.D. Cal. Oct. 19, 2016) (citing Ellis v. Costco Wholesale Corp., 657 F.3d 970, 980 (9th Cir. 2011)). Based on Plaintiffs' refusal to allow Defendants to depose Dr. Buetow, failure to timely disclose its proposed expert witness, and introduction of new arguments and reliance on Dr. Buetow's Declaration in their Reply (Doc. No. 61), the Court finds that leave to depose Dr. Buetow and file a surreply is warranted, and, therefore, GRANTS Defendants' Motion for Leave to File Sur-Reply (Doc. No. 64).

**MOTION TO STRIKE DECLARATION AND PORTIONS OF PLAINTIFFS' REPLY THAT RELY ON IT**

As the Court has granted Defendants leave to depose Dr. Buetow and file a surreply, the Court DENIES Defendants' Motion to Strike (Doc. No. 64) without prejudice.

IT IS THEREFORE ORDERED that Defendants' Motion to Strike Declaration and Portions of Plaintiffs' Reply that Rely on it (Doc. No. 64) is DENIED WITHOUT PREJUDICE, and Defendants' Motion for Leave to File Sur-Reply (Doc. No. 64) is GRANTED. Plaintiffs shall make Dr. Buetow available for deposition by Defendants within 21 days of this Order, and Defendants shall have an additional 14 days after such deposition to file a surreply. Such surreply shall be limited in scope to Defendants' response and rebuttal to Dr. Buetow's report and testimony only and shall adhere in all respects to this Court's rules regarding Replies.

TAKE NOTICE that a hearing on Plaintiffs' Motion to Certify Class (Doc. No. 47) will take place before the undersigned at some time between December 6, 2021 and December 17, 2021, in Courtroom 5B of the Charles R. Jonas Building, 401 W. Trade Street, Charlotte, North Carolina, 28202. The Court will provide the parties with a definitive hearing date as soon as practicable.

Signed: October 8, 2021

*Frank D. Whitney*
Frank D. Whitney
United States District Judge