UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:20-CV-00654-FDW-DSC

CHEYENNE JONES *et al.*,

    Plaintiffs,

vs.

COCA-COLA CONSOLIDATED, INC. *et al.*,

    Defendants.

ORDER

THIS MATTER is before the Court on Defendants' Motion to Exclude Under Federal Rule of Evidence 702 the Declaration and Opinions of Gerald Buetow, (Doc. No. 71), and Plaintiffs' Motion to Strike Surreply, (Doc. No. 77). The Motions are now ripe.

First, the Court considers Defendants' Motion to Exclude the Declaration and Opinions of Dr. Gerald Buetow, pursuant to Rule 702 of the Federal Rules of Evidence. Rule 702 allows an expert to testify if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Here, Defendants assert Dr. Beutow's opinions are not based on a reliable methodology and he did not apply his own methodology reliably. (Doc. No. 72, p. 7-14). At this stage, however, the Court is not convinced Dr. Beutow is an improper experiential expert whose methodology, and the application thereof, are unreliable. Accordingly, the Court DENIES Defendants' Motion to Exclude Under Federal Rule of Evidence 702 the Declaration and Opinions of Gerald Buetow, (Doc. No. 71), WITHOUT PREJUDICE to Defendants refiling their Motion later in the proceedings when such

refiling may be appropriate and ripe.

The Court now turns to Plaintiffs' Motion to Strike Surreply, (Doc. No. 77). In its October 8, 2021, Order, the Court granted Defendants leave to file a surreply "limited in scope to Defendants' response and rebuttal to Dr. Buetow's report and testimony," (Doc. No. 68, p. 3). Under Rule 12(f) of the Federal Rules of Civil Procedure, a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f). "Although courts have broad discretion in disposing of motions to strike, such motions 'are generally viewed with disfavor because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic.'" Chapman v. Duke Energy Carolinas, LLC, No. 3:09-cv-37-RJC, 2009 WL 1652463, at *1 (W.D.N.C. June 11, 2009) (quoting Waste Mgmt. Holdings, Inc. v. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001) (internal quotation marks and citations omitted in original). After review of Defendants' Surreply, (Doc. No. 70), the Court is not persuaded that Defendants' pleading runs afoul of the leave granted in its October 8, 2021, Order. Accordingly, and in light of the generally disfavored view of Rule 12(f) motions, the Court does not find it necessary or appropriate to resort to the drastic remedy of striking portions of Defendants' Surreply. Therefore, Plaintiff's Motion to Strike Surreply (Doc. No. 77) is DENIED.[1]

IT IS THEREFORE ORDERED that the Court DENIES Defendants' Motion to Exclude Under Federal Rule of Evidence 702 the Declaration and Opinions of Gerald Buetow (Doc. No. 71) without prejudice to Defendants refiling their Motion later in the proceedings, and DENIES Plaintiff's Motion to Strike Surreply (Doc. No. 77).

IT IS SO ORDERED.

---

[1] To the extent Defendants seek an award of costs associated with opposing Plaintiff's Motion, without citing any authority, the Court DENIES such request. See Campbell v. Five Star Quality Care – N.C., LLC, No. 3:21-cv-95, 2021 WL 5442221, at *3 (W.D.N.C. Nov. 19, 2021) (denying Defendants' request for Rule 11 sanctions because Defendants failed to file a separate motion).

Signed: January 18, 2022

_____
Frank D. Whitney
United States District Judge