# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**

| | | |
|---|---|---|
| CHEYENNE JONES AND SARA J. GAST, | : | Civil Action |
| Individually and as a representative of a class | : | No. 3:20-CV-00654 (FDW-DSC) |
| of similarly situated persons, on behalf of the | : | |
| COCA-COLA CONSOLIDATED, INC. | : | |
| 401(k) PLAN, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| COCA-COLA CONSOLIDATED, INC., THE | : | |
| BOARD OF DIRECTORS OF COCA-COLA | : | |
| CONSOLIDATED, INC., THE CORPORATE | : | |
| BENEFITS COMMITTEE OF COCA-COLA | : | |
| and DOES NO. 1-10, Whose Names Are | : | |
| Currently Unknown, | : | |
| | : | |
| Defendants. | : | February 22, 2022 |
| ———————————————————: | | |

<u>**SETTLEMENT AGREEMENT AND RELEASE**</u>

This Settlement Agreement and Release (the "Agreement") is entered into as of February 22, 2022, by and among Plaintiffs, Cheyenne Jones and Sarah J. Gast (collectively, "Plaintiffs"), on their own behalf and, subject to court approval, on behalf of the proposed Class (defined below) and the Coca-Cola Consolidated, Inc. 401(k) Plan (the "Plan"), on the one hand, and Defendants, Coca-Cola Consolidated, Inc., the Coca-Cola Consolidated, Inc. Board of Directors, and the Corporate Benefits Committee of Coca-Cola Consolidated, Inc. (collectively, "Defendants," and together with Plaintiffs, the "Parties"), on the other, in consideration of the promises, covenants, and agreements herein described, and for other good and valuable consideration acknowledged by each of them to be satisfactory and adequate.

The capitalized terms used in this Agreement are defined in Part I, below.

-1-

## RECITALS

**WHEREAS**, on November 24, 2020, Plaintiffs filed the Action against Defendants in the United States District Court for the Western District of North Carolina, asserting certain claims for breach of fiduciary duty and other alleged violations under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et. seq.*, on behalf of the Plan and a proposed class of similarly-situated participants and beneficiaries of the Plan;

**WHEREAS**, on January 14, 2021, Defendants moved to dismiss Plaintiffs' Complaint;

**WHEREAS**, on March 31, 2021, the Court entered an order denying Defendants' motion to dismiss Plaintiffs' Complaint;

**WHEREAS**, during the course of litigation, the Parties engaged in substantial discovery, including voluminous document productions, expert disclosures, and depositions of fact and expert witnesses, briefed several motions, participated in other pretrial proceedings, and were able to fully evaluate the merits of the claims and defenses and alleged losses to the Plan;

**WHEREAS**, on August 20, 2021, Plaintiffs moved for class certification, which Defendants vigorously contested, resulting in expert disclosures and several related motions;

**WHEREAS**, on December 10, 2021, the Parties participated in a videoconference mediation session with a highly qualified mediator, Robert Meyer of JAMS;

**WHEREAS**, although the mediation session did not result in an agreement to resolve any of the claims in the Action, it enabled the Parties to candidly exchange positions and supporting information concerning the claims and defenses and alleged losses to the Plan;

**WHEREAS**, counsel for the Parties remained in contact with the mediator by e-mail and telephone on several occasions after the December 10, 2021 mediation and through January in an attempt to continue settlement discussions;

**WHEREAS**, the Parties remained engaged concerning the possibility of settling the Action while preparing for argument on Plaintiffs' motion for class certification before the Court on January 19, 2022 and, with the assistance of the Mediator, reached agreement in principle to resolve the Action on the evening of January 18, 2022;

**WHEREAS**, Defendants have vigorously denied, and continue to vigorously deny, any wrongdoing and any liability arising from the factual allegations and Claims set forth in the Plaintiffs' Complaint and also deny that the proposed class satisfies Rule 23's requirements;

**WHEREAS**, the Parties have decided to enter into this Agreement because it provides substantial and meaningful benefits to the members of the Class and the Plan, and to avoid the substantial costs, uncertainties, and risks of continued litigation;

**WHEREAS**, entry into this Agreement is not an admission of liability by any of the Defendants, which Defendants continue to deny;

**NOW, THEREFORE**, it is agreed by, between, and among the undersigned that the Action shall be settled and dismissed with prejudice on the terms and conditions set forth herein, subject to judicial approval.

## I.     DEFINITIONS

1.1.     "Action" shall mean this action, *Cheyenne Jones, et al., v. Coca-Cola Consolidated, Inc., et al.*, Case No. 3:20-cv-00654-FDW-DSC (W.D.N.C.).

1.2. "Active Accounts" means Class Members' accounts in the Plan, which have a positive balance as of the date of the Preliminary Approval Order.

1.3. "Administration Costs" means: (a) the costs and expenses associated with the production, dissemination, and publication of the Notice; (b) the reasonable costs of the Plan Recordkeeper(s) to provide participant data and lists to the Settlement Administrator (pursuant to Section 4.1 of the Agreement) and to properly and correctly disseminate settlement payments to those Class Members with Active Accounts at the appropriate time; (c) all reasonable costs incurred by the Settlement Administrator in administering and effectuating this Settlement, including the costs of obtaining the Class Members' contact and account information and distributing the Settlement Amount, which costs are necessitated by performance and implementation of this Agreement and any court orders relating thereto; and (d) all reasonable fees charged by the Settlement Administrator.

1.4. "Alternate Payee" means a person, other than a Participant, Former Participant, or Beneficiary, who is entitled to a benefit under the Plan as a result of a valid QDRO, as determined by the Plan Administrator on or before the date of the Preliminary Approval Order, where the QDRO relates to a Participant's balance in the Plan or a Former Participant's balance in the Plan.

1.5. "Attorneys' Fees and Expenses" means any and all attorneys' fees, costs (including fees and costs charged or incurred by retained experts or consultants), and expenses of Class Counsel for their past, present, and future work, efforts, and expenditures in connection with the Action and Settlement.

-4-

1.6.    "Authorized Former Participant" means a Former Participant who has submitted a Former Participant Claim Form by the Claims Deadline set by the Court in the Preliminary Approval Order, and whose Former Participant Claim Form is accepted by the Settlement Administrator and determined by the Settlement Administrator to be completed and satisfactory.

1.7.    "Beneficiary" means a person who is entitled to receive a benefit under the Plan, as determined by the Plan Administrator on or before the date of the Preliminary Approval Order, that is derivative of a deceased Participant's or Former Participant's interest in the Plan, other than an Alternate Payee.    A Beneficiary includes, but is not limited to, a spouse, surviving spouse, domestic partner, child, or other individual or trust designated by the Participant or Former Participant or determined under the terms of the Plan to be entitled to a benefit.

1.8.    "Case Contribution Award" has the meaning ascribed to it in Section 7.1.

1.9.    "Claims" means the claims asserted in the Action.

1.10.    "Class" or "Settlement Class" means all participants and beneficiaries of the Plan, at any time during the Class Period, including any beneficiary of a deceased person who was a participant in the Plan at any time during the Class Period, and any Alternate Payees, in the case of a person subject to a QDRO who was a participant in the Plan at any time during the Class Period. The Class shall exclude all Defendants.

1.11.    "Class Period" means at any time on or after November 24, 2014, through and including the date on which the Preliminary Approval Order is entered.

1.12.    "Class Counsel" means Miller Shah LLP and Capozzi Adler, P.C.

1.13.    "Class Members" means all individuals in the Settlement Class.

-5-

1.14.   "Court" means the United States District Court for the Western District of North Carolina.

1.15.   "Class Representatives" means Cheyenne Jones and Sara J. Gast.

1.16.   "Defendants" means Coca-Cola Consolidated, Inc., the Coca-Cola Consolidated, Inc. Board of Directors, and the Corporate Benefits Committee of Coca-Cola Consolidated, Inc. ("Corporate Benefits Committee"), including any current and former members of the Corporate Benefits Committee.

1.17.   "Defendants' Counsel" means Alston & Bird LLP.

1.18.   "Defendant Released Parties" means: (a) Defendants; (b) their insurers, co-insurers, and reinsurers; (c) their past, present, and future parent corporation(s); (d) their past, present, and future affiliates, subsidiaries, divisions, joint ventures, predecessors, successors, successors-in-interest, and assigns; (e) the past, present and future members of their respective boards of trustees or boards of directors, their agents, officers, employees, independent contractors, representatives, attorneys, administrators, fiduciaries, accountants, auditors, advisors, consultants, personal representatives, spouses, heirs, executors, associates, employee benefit plan fiduciaries (with the exception of the Independent Fiduciary), employee benefit plan administrators, service providers to the Plan, including Plan Recordkeepers (including their owners, officers, and employees), members of their immediate families, consultants, subcontractors, and all persons acting under, by, through, or in concert with any of them; (f) the past, present and future members of the Corporate Benefits Committee; and (g) any of the Plan's current and former fiduciaries, administrators, plan administrators, recordkeepers, service providers, consultants, and parties-in-interest.

-6-

1.19.  "Effective Date" means: (a) the date upon which the applicable period to appeal the Final Approval Order and Judgment has expired, if no appeal is taken during such period; or (b) if, during the appeals period, an appeal is taken from such Final Approval Order and Judgment, the date upon which all appeals, including further petitions for review, rehearing, or *certiorari*, and any proceedings resulting therefrom, have been finally disposed of, or the date upon which the applicable period to initiate all such further petitions or proceedings has expired. The Parties shall agree in writing when the Effective Date has occurred, and any dispute shall be resolved by the Court. It is expressly agreed by the Parties and their counsel that no Party intends this section or any other part of this Agreement to establish or acknowledge that anyone is entitled to or has the right to appeal from the Final Approval Order and Judgment.

1.20.  "ERISA" means the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.*, as amended.

1.21.  "Escrow Agent" means the entity approved by the Parties to act as escrow agent for any portion of the Settlement Amount deposited in or accruing in the Settlement Fund pursuant to this Agreement.

1.22.  "Fee and Expense Application" means the petition to be filed by Class Counsel seeking approval of an award of Attorneys' Fees and Expenses.

1.23.  "Final Approval Hearing" or "Fairness Hearing" means the hearing to be held before the Court pursuant to Federal Rule of Civil Procedure 23(e) to determine whether the Agreement should receive final approval by the Court. The Parties will request that the Final Approval Hearing be scheduled for a date no earlier than one hundred and ten (110) calendar days after the entry of the Preliminary Approval Order.

1.24. "Final Approval Order and Judgment" means a final order entered by the Court after the Final Approval Hearing, substantially the same in all material respects to that attached hereto as Exhibit A (subject to the Court's discretion on awarding Attorneys' Fees and Expenses and Case Contribution Awards, as stated in Sections 7.1 and 7.2), granting approval of the Settlement. The Parties may agree to additions or modifications to the form of the Final Approval Order and Judgment as they agree are appropriate at the time that it is submitted to the Court for final approval of the Settlement.

1.25. "Financial Institution" means an institution at which an account is established to hold any portion of the Settlement Fund.

1.26. "Former Participant" means any Class Member who maintained a positive balance in the Plan at any time during the Class Period, but who does not have an Active Account with the Plan as of the date of entry of the Preliminary Approval Order.

1.27. "Former Participant Claim Form" means the form to be provided to Former Participants and returned to the Settlement Administrator by Former Participants and Beneficiaries.

1.28. "Independent Fiduciary" means the person or entity selected by the Plan's fiduciaries to serve as an independent fiduciary to the Plan with respect to the Agreement as defined in Section 2.6.

1.29. "Independent Fiduciary Fees and Costs" means all reasonable fees, costs, and expenses of the Independent Fiduciary. The Independent Fiduciary Fees and Costs shall be paid from the Settlement Fund after such funds are deposited with the Escrow Agent and upon receipt of an invoice from the Independent Fiduciary.

-8-

1.30. "Net Settlement Amount" means the Settlement Amount minus: (a) all Attorneys' Fees and Expenses paid to Class Counsel; (b) all Case Contribution Awards; (c) all Administration Costs (and any contingency reserve for Administration Costs); and (d) all Independent Fiduciary Fees and Costs approved by the Court.

1.31. "Notice" means the notice, identical in all material respects to that attached hereto as Exhibit B, to be provided directly to Class Members pursuant to Section 2.5 and made available on the Settlement Website.

1.32. "Plan" shall mean the Coca-Cola Consolidated, Inc. 401(k) Plan, and each of its predecessor plans or successor plans, individually and collectively, and any trust created under such plans.

1.33. "Participant" means any Class Member who maintained a positive balance in the Plan at any time during the Class Period and has an Active Account in the Plan.

1.34. "Parties" means Plaintiffs and Defendants.

1.35. "Plaintiffs" means Cheyenne Jones and Sarah J. Gast, individually and as representatives of the Class and the Plan.

1.36. "Plan Administrator" means the Corporate Benefits Committee of Coca-Cola Consolidated, Inc. and its designee(s).

1.37. "Plan of Allocation" means the framework for allocating the Settlement Fund that is approved by the Court, which framework shall be in the form attached hereto as Exhibit C.

1.38. "Plan Recordkeeper" means the entity that maintains electronic records of the Plan's participants and their individual accounts.

1.39.   "Preliminary Approval Order" means an order entered by the Court preliminarily approving the Settlement, pursuant to Section 2.3, which order is substantially the same in all material respects to that attached hereto as Exhibit D.

1.40.   "QDRO" means, for the purposes of this Agreement, a valid Qualified Domestic Relations Order as defined in 29 U.S.C. § 1056(d)(3)(K), and as determined by the Plan Administrator on or before the date of the Preliminary Approval Order.

1.41.   "Released Claims" means any and all actual or potential claims (including any Unknown Claims), actions, causes of action, demands, obligations, or liabilities (including claims for attorney's fees, expenses, or costs), whether arising under federal, state, or local law, whether by statute, contract, tort or equity or otherwise, whether brought in an individual or representative capacity, whether known or unknown, suspected or unsuspected, for monetary, injunctive, and any other relief against the Defendant Released Parties through the date the Court enters the Final Approval Order and Judgment:

(a)   That were asserted in the Action, or that arise out of the conduct alleged in the Action, including conduct that was alleged in, or could have been alleged in, the Action's operative Complaint by any Class Member, whether or not the conduct was actually alleged in the Complaint;

(b)   That arise out of, relate to, are based on, or have any connection with: (1) the selection, retention, performance, and monitoring of the Plan's actual or potential investment options and service providers; (2) the performance, costs, fees, and other characteristics of the Plan's investment options, including any revenue sharing paid by any such investment options or used to pay service provider fees; (3) the Plan's fees and

-10-

expenses, including without limitation, its recordkeeping and other service provider fees; or (4) the nomination, appointment, retention, monitoring, and removal of the Plan's fiduciaries;

(c)     That would be barred by *res judicata* based on entry of the Final Approval Order and Judgment;

(d)     That relate to the direction to calculate, the calculation of, or the method or manner of allocation of the Settlement Fund in accordance with the Plan of Allocation; or

(f)     That relate to the approval by the Independent Fiduciary of the Settlement; and

(g)     The Class Representatives, Class Members and the Plan expressly waive and relinquish, to the fullest extent permitted by law, any and all provisions, rights, and benefits conferred by Section 1542 of the California Civil Code, which provides that a "general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor," and any similar state, federal or other law, rule or regulation or principle of common law of any domestic governmental entity.

"Released Claims" does not include any claims that the Class Representatives or the Settlement Class have to the value of their respective vested account balances under the terms of the Plan and according to the Plan's records as of the date the Settlement becomes Final. The Released Claims shall not include claims to enforce the covenants or obligations set forth in this Agreement.

1.42.    "Settlement" means the compromise and resolution embodied in this Agreement.

1.43.    "Settlement Administrator" means Strategic Claims Services.

1.44.    "Settlement Amount" means three million five hundred thousand dollars ($3,500,000.00).

1.45.    "Settlement Fund" has the meaning set forth in Section 3.1(b).

1.46.    "Settlement Website" has the meaning set forth in Section 2.5.

1.47.    "Taxes" has the meaning set forth in Section 3.1(i).

1.48.    "Tax-Related Costs" has the meaning ascribed to the term in Section 3.1(i).

1.49.    "Unknown Claims" means any Released Claims that Plaintiffs or any Class Members do not know or suspect to exist in their favor at the time of the release of the Defendant Released Parties, including claims which, if known by them, might have affected their settlement with the Defendants and release of the Defendant Released Parties, or might have affected their decision not to object to this Settlement. Plaintiffs or any Class Member may later discover facts in addition to or different from those which they now know or believe to be true with respect to the subject matter of the Released Claims, but Plaintiffs and all Class Members, upon the date of the Court's entry of the Final Approval Order and Judgment, shall be deemed to have, and by operation of the Final Approval Order and Judgment shall have, fully, finally, and forever settled and released all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different

-12-

or additional facts. Plaintiffs and all Class Members shall be deemed by operation of the Final Approval Order and Judgment to have acknowledged that the foregoing waiver was bargained for and is a key element of the Settlement of which their release and waiver of Unknown Claims is a part.

## II.     SETTLEMENT APPROVAL

2.1.     ***Motion for Class Certification.*** In conjunction with their Motion for Preliminary Approval, Plaintiffs shall withdraw their pending motion for class certification and move the Court for certification of the Class for settlement purposes only. Defendants will not object to Plaintiffs' motion for class certification for settlement purposes only, pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(1). If the Court does not issue the Final Approval Order and Judgment, then no Class shall be deemed to have been certified by or as a result of this Agreement, Defendants shall not be deemed to have admitted the propriety of certification of the Class under any provision of Federal Rule of Civil Procedure 23, and the Action shall for all purposes revert to its status on January 18, 2022.

2.2.     ***Motion for Preliminary Approval.*** No later than February 22, 2022, Plaintiffs shall move the Court for preliminary approval of the Settlement, including entry of an order identical in all material respects to the form of the Preliminary Approval Order. Defendants will not object to Plaintiffs' motion for preliminary approval of the Settlement but reserve the right to make a submission related to the motion.

2.3.     ***Rights of Exclusion.*** Class Members shall not be permitted to exclude themselves from the Class.

2.4.     ***Right to Object.*** Class Members shall be permitted to object to the Settlement.

-13-

Requirements for filing an objection shall be set forth in the Preliminary Approval Order and in the Notice.

2.5.    ***Class Notice.***

a)      Within forty-five (45) calendar days of the entry of the Preliminary Approval Order or as may be modified by the Court, the Settlement Administrator shall send the Notice by electronic mail (if available) or first-class mail to the Class Members. The Notice shall be sent to the last known electronic mail address or last known mailing address of the Class Members that is reasonably obtainable from the Plan Recordkeeper. The Settlement Administrator shall update mailing addresses through the National Change of Address database before mailing (with all returned mail skip-traced and promptly re-mailed). The Settlement Administrator shall use commercially reasonable efforts to locate any Class Member whose Notice is returned and re-mail such Notice one additional time if an updated location is identified.

b)      The Former Participant Claim Form must be returned to the Settlement Administrator within one hundred five (105) days of entry of the Preliminary Approval Order by all Former Participants, and Beneficiaries or Alternate Payees who do not have Active Accounts, who wish to receive the benefits of this Settlement. For each such Former Participant, Beneficiary, or Alternate Payee that has not returned the Former Participant Claim Form within sixty (75) days of the entry of the Preliminary Approval Order, the Settlement Administrator will send within seven (7) days thereafter a post card by electronic mail (if available) or first class mail, postage prepaid, to such Class Member notifying them again of the deadline by which to submit the Former Participant Claim

-14-

Form, unless the previous mailings and communications to the Class Member have been returned as undeliverable and the Settlement Administrator is unable to identify a valid electronic mail or physical mailing address through the exercise of reasonable and good faith efforts.

c) Within forty-five (45) calendar days of the entry of the Preliminary Approval Order and no later than the first date that the e-mailing or the mailing of the Notice occurs, or as may be extended by the Court on application of the Parties, the Settlement Administrator shall establish a website containing the Notice and this Agreement and its exhibits, the Complaint, the motions for preliminary approval and final approval (when filed); the motion for Attorneys' Fees and Expenses and Case Contribution Awards (when filed); any approval order or other Court orders related to the Settlement, any amendments or revisions to these documents, and any other documents or information mutually agreed upon by the Parties. The Settlement Website URL web address shall be mutually agreed upon by the Parties. No other information or documents (other than the date, time, and location of the Fairness Hearing and the toll-free number for the call center described in Paragraph 2.5(d) below) will be posted on the Settlement Website unless agreed to in advance by the Parties in writing. The Notice will identify the web address of the Settlement Website.

d) Within forty-five (45) calendar days of the entry of the Preliminary Approval Order and no later than the first date that the e-mailing or the mailing of the Notice occurs, or as may be extended by the Court on application of the Parties, the Settlement Administrator shall establish a toll-free telephone number to which Class

-15-

Members can direct questions about the Settlement. The Settlement Administrator shall develop a question-and-answer type script for the use of persons who answer calls to this line.

2.6.    ***Approval of Settlement by Independent Fiduciary.*** The Independent Fiduciary retained by the Plan shall have the following responsibilities on behalf of the Plan:

a)    The Independent Fiduciary shall determine whether to approve and authorize the settlement of Released Claims on behalf of the Plan.

b)    The Independent Fiduciary shall comply with all relevant conditions set forth in Prohibited Transaction Class Exemption 2003-39, "Release of Claims and Extensions of Credit in Connection with Litigation," issued December 31, 2003, by the United States Department of Labor, 68 Fed. Reg. 75,632, as amended ("PTE 2003-39"), in making its determination, for the purpose of Defendants' reliance on PTE 2003-39.

c)    The Independent Fiduciary shall notify the Plan's fiduciaries of its determination in writing and in accordance with PTE 2003-39, which notification shall be delivered no later than thirty (30) calendar days before the Fairness Hearing.

d)    Defendants, Defendants' Counsel, Plaintiffs, and Class Counsel shall cooperate with the Independent Fiduciary and provide the Independent Fiduciary with sufficient information so that the Independent Fiduciary can review and evaluate the Settlement.

e)    Should the Independent Fiduciary fail to approve and authorize the Settlement or fail to give a release on behalf of the Plan, the Agreement shall be terminable, pursuant to Section 8.3.

-16-

2.7.    ***Class Action Fairness Act Notice.*** Defendants, or the Settlement Administrator on behalf of Defendants, shall comply with the notice requirements of 28 U.S.C. § 1715, and pursuant to the Preliminary Approval Order, shall file a notice with the Court confirming compliance at least thirty (30) calendar days prior to the Final Approval Hearing.

2.8.    ***Motion for Final Approval.*** Plaintiffs shall move the Court for final approval of the Settlement no later than the deadline set by the Court in the Preliminary Approval Order, or as may be extended by the Court. On or after the date set by the Court for the Final Approval Hearing pursuant to Federal Rule of Civil Procedure 23(e)(2), the Court shall determine, among other things: (a) whether to enter the Final Order and Judgment finally approving the Settlement; and (b) what, if any, Case Contribution Award and Attorneys' Fees and Expenses should be awarded to Plaintiffs and Class Counsel, respectively, pursuant to Sections 7.1 and 7.2 of this Agreement.

**III.    PAYMENTS TO THE CLASS**

3.1.    ***The Settlement Amount.***

a)      In consideration of all of the promises and agreements set forth in this Agreement, Defendants will pay, or cause to be paid, the Settlement Amount as specified in Section 1.44. It is understood and agreed by the Parties that, by paying the Settlement Amount, Defendants do not agree with or in any way admit, and shall not be deemed to agree with or in any way admit, any of Plaintiffs' or Class Counsel's theories regarding Defendants' liability in the Action, including that any of Defendants' prior or existing actions or practices are in violation of any federal or state laws, statutes, or regulations. Prior to the execution of this Agreement, Plaintiffs will provide a completed W-9 and

-17-

wire instructions and an address for the Financial Institution where the Settlement Amount will be paid.

b) Defendants shall pay, or cause to be paid, the Settlement Amount as set forth in Section 1.44 in two segments, and the total funding, in the aggregate, together with any interest and investment earnings thereon, shall constitute the "Settlement Fund." First, Defendants shall pay, or cause to be paid, $250,000 of the Settlement Amount, with that amount to be deposited by wire transfer into the account established by the Escrow Agent within thirty (30) calendar days of the entry of the Preliminary Approval Order to fund any Administration Costs and Independent Fiduciary Fees and Costs that arise before the Court's entry of the Final Approval Order and Judgment. Second, Defendants shall pay, or cause to be paid, the remaining portion of the Settlement Amount to be deposited by wire transfer into the account established by the Escrow Agent within thirty (30) calendar days following the Court's entry of the Final Approval Order and Judgment, subject to the provisions of Section 8.5.

c) The Settlement Amount shall be used solely for the purposes set forth in Section 3.1(j).

d) Subject to Court approval and oversight, the account established by the Escrow Agent will be controlled by the Settlement Administrator. Neither Defendants, Defendants' Counsel, the Defendant Released Parties, Plaintiffs, or Class Counsel shall have any liability whatsoever for the acts or omissions of the Settlement Administrator. The Settlement Administrator shall not disburse the Settlement Amount or any portion of

-18-

the Settlement Fund except as provided for in this Agreement, by an order of the Court, or with prior written agreement of Class Counsel and Defendants' Counsel.

e)     The Settlement Administrator is authorized to execute transactions on behalf of Class Members that are consistent with the terms of this Agreement and with orders of the Court.

f)     All funds held in the account established by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until the funds are distributed in accordance with this Agreement.

g)     The Settlement Administrator shall, to the extent practicable and prudent, invest the Settlement Fund in discrete and identifiable instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates. The Settlement Administrator shall maintain records identifying in detail each instrument in which the Settlement Fund or any portion thereof has been invested, and identifying the precise location (including any safe deposit box number) and form of holding of each such instrument. Neither the Settlement Fund nor any portion thereof shall be commingled with any other monies in any instruments. Any cash portion of the Settlement Fund not invested in instruments of the type described in the first sentence of this Section 3.1(g) shall be maintained by the Settlement Administrator, and not commingled with any other monies, in a bank account, which shall promptly be identified to the Parties at any Party's request by bank and account number and any other identifying information. The

-19-

Settlement Administrator and Class Members shall bear all risks related to investment of the Settlement Fund. All income, gain, or loss earned by the investment of the Settlement Amount shall be credited to the account established by the Escrow Agent.

h)    The account established by the Escrow Agent is intended to be a "Qualified Settlement Fund" within the meaning of Treasury Regulation § 1.468B-1. The Settlement Administrator, as administrator of the Qualified Settlement Fund within the meaning of Treasury Regulation §1.468B-2(k)(3), shall be solely responsible for filing tax returns for such account and paying from such account any Taxes owed with respect to the account.

i)    All taxes on the income of the account established by the Escrow Agent ("Taxes") and expenses and costs incurred in connection with the taxation of such account (including expenses of tax attorneys and accountants) ("Tax-Related Costs") shall be timely paid by the Settlement Administrator out of the account.

j)    The Settlement Fund will be used to pay the following amounts associated with the Settlement:

> (1) Compensation to Class Members determined in accordance with Section 3.2;
>
> (2) Any Case Contribution Award approved by the Court;
>
> (3) All Attorneys' Fees and Expenses approved by the Court;
>
> (4) Independent Fiduciary Fees and Costs;
>
> (5) Administration Costs; and
>
> (6) Taxes and Tax-Related Costs.

3.2.    ***Distribution to Class Members.***

-20-

a)       The Settlement Fund will be distributed to Class Members in accordance with the Plan of Allocation approved by the Court.

b)       Notwithstanding anything else in this Agreement, any revisions to the Plan of Allocation that would increase the Settlement Amount or require Defendants or their affiliates to incur additional expenses or costs or to provide data not reasonably available shall be deemed a material alteration of this Agreement and shall entitle Defendants, at their election, to terminate the Agreement. In no event, and notwithstanding anything else in this Agreement, shall Defendants be required to pay any amounts other than the Settlement Amount. It is understood and agreed that Defendants' monetary obligations under this Agreement will be fully discharged by paying the amount specified in Section 1.44 above and that Defendants shall have no other monetary obligations, or obligations to make any other payments under this Agreement or otherwise.

c)       Class Members who receive a check from the Settlement Administrator under the Plan of Allocation must deposit or cash their checks within one hundred and eighty (180) calendar days of issuance. If they do not do so, the checks will be void, and the Settlement Administrator shall be instructed to return any such funds to the Settlement Fund pursuant to Section 3.4. This limitation shall be printed on the face of each check. Notwithstanding these requirements, the Settlement Administrator shall have the authority to reissue checks to Class Members where it determines there is good cause to do so, provided that doing so will not compromise the Settlement Administrator's ability to implement the Plan of Allocation. The voidance of checks shall have no effect

on the Class Members' release of claims, obligations, representations, or warranties as provided herein, which shall remain in full effect.

3.3. ***Responsibility for Taxes on Distribution.*** Each Class Member who receives a payment under this Agreement shall be fully and ultimately responsible for payment of any and all federal, state, or local taxes resulting from or attributable to the payment received by such person. Each Class Member shall hold Defendants, Defendants' Counsel, the Defendant Released Parties, Class Counsel, and the Settlement Administrator harmless from (a) any tax liability, including, without limitation, penalties and interest, related in any way to payments or credits under the Agreement, and (b) the costs (including, without limitation, fees, costs and expenses of attorneys, tax advisors, and experts) of any proceedings (including, without limitation, any investigation, response, and/or suit), related to such tax liability.

3.4. ***Treatment of Undistributed Funds and Uncashed Checks.*** Any funds associated with checks that are not cashed within one hundred and eighty (180) calendar days of issuance and any funds that cannot be distributed to Class Members for any other reason, together with any interest earned on them, and any funds remaining after the payment of any applicable Taxes by the Escrow Agent, shall be returned to the Settlement Fund by the Settlement Administrator to be distributed as described in the Plan of Allocation.

3.5. ***Administration Costs.*** The Administration Costs shall be paid from the Settlement Fund. The Settlement Administrator will reserve from the Settlement Fund its estimated Administration Costs. Beginning thirty (30) calendar days after the entry of the Preliminary Approval Order, and on every thirtieth (30th) calendar day thereafter, the Settlement Administrator shall provide the Parties with a detailed accounting of any Administration Costs

expended to date and an invoice for the amount of such Administration Costs. Any disputes as to whether amounts billed by the Settlement Administrator are reasonable and necessary under this Agreement shall be resolved by the Court.

3.6. ***Entire Monetary Obligation.*** Notwithstanding anything else in this Agreement, in no event shall Defendants be required to pay any amounts under this Agreement or otherwise, other than the Settlement Amount as specified in Section 1.44.

## IV. SETTLEMENT ADMINISTRATION

4.1. Defendants shall use reasonable efforts to cause the Plan Recordkeeper(s) to provide to the Settlement Administrator, within thirty (30) calendar days of the entry of the Preliminary Approval Order, the participant data sufficient to effectuate the Notice, implement the Plan of Allocation, and distribute the Settlement Fund. Subject to at least thirty (30) calendar days' written notice from the Settlement Administrator, Defendants shall also use reasonable efforts to cause the current Plan Recordkeeper to provide an updated list of Participants prior to the distribution, in order to identify any such participants who have taken a full distribution from their Plan account and no longer have a Plan account with a positive balance. Defendants shall not otherwise be obligated to assist with effecting Notice, implementation of the Plan of Allocation, or distribution of the Settlement Fund.

4.2. The Settlement Administrator shall administer the Settlement subject to the supervision of Class Counsel, Defendants' Counsel, and the Court, as circumstances may require.

4.3. Defendants, Defendants' Counsel, and the Defendant Released Parties shall have no responsibility for, interest in, or liability whatsoever with respect to:

-23-

a) Any act, omission, or determination of the Settlement Administrator, Class Counsel, or designees or agents of the Settlement Administrator or Class Counsel;

b) The Plan of Allocation and determination of payment amounts to Class Members;

c) The management, investment, or distribution of the Settlement Fund; or

d) The determination, administration, calculation, or payment of any claims asserted against the Settlement Fund.

4.4. The Settlement Administrator shall provide to Class Counsel and Defendants' Counsel, no less frequently than monthly, a full accounting of all expenditures made in connection with the Settlement, including Administration Costs (as noted in Section 3.5), and any distributions from the Settlement Fund.

4.5. The Settlement Administrator shall provide such information as may be reasonably requested by Plaintiffs or Defendants or their counsel relating to administration of this Agreement.

## V. RELEASES, COVENANTS, AND JUDICIAL FINDINGS

5.1. ***Release of Defendants and the Defendant Released Parties.*** Subject to Part VIII of this Agreement, upon and through the date of the Court's entry of the Final Approval Order and Judgment, Plaintiffs and each Class Member (on behalf of themselves and their current and former beneficiaries, heirs, descendants, dependents, marital community, administrators, executors, representatives, predecessors, successors, and assigns), and the Plan (by and through the Independent Fiduciary pursuant to Section 2.6) absolutely and unconditionally release and forever discharge all Released Claims.

-24-

5.2.    ***Covenant Not to Sue.*** Upon and through the date of the Court's entry of the Final Approval Order and Judgment, Plaintiffs, Class Members, and Class Counsel (on behalf of themselves and any successors-in-interest) shall be deemed to have, and by operation of the Final Approval Order and Judgment, shall have, fully, finally, and forever released, relinquished, and discharged, and shall forever be enjoined from prosecution of the Defendant Released Parties from any and all Released Claims.

Plaintiffs and Class Members further agree that, outside of the Action, none of them will institute, maintain, prosecute, sue, or assert in any claim, action, or proceeding, whether individually, in a representative capacity, or on behalf of the Plan, against the Defendant Released Parties based on conduct subsequent to, or any liability or damages claimed to arise or occur after, the date of the Court's entry of the Preliminary Approval Order, related to the conduct or practices this Agreement requires Defendants to undertake. Nothing herein shall preclude any action to enforce the terms of this Agreement pursuant to the procedures set forth in this Agreement.

Should Plaintiffs or Class Members breach the terms of this Section 5.2, Defendants and the Defendant Released Parties may recover any attorney's fees and costs that they may incur to enforce the provisions of this Section 5.2 after Defendants provide notice and a reasonable opportunity to cure to any alleged breaching Plaintiffs or Class Members.

5.3.    ***Defendants' Releases of Others.*** Upon and through the date of the Court's entry of the Final Approval Order and Judgment, Defendants (on behalf of themselves and any successors-in-interest) each shall be deemed to have, and by operation of the Final Approval Order and Judgment, shall have, fully, finally, and forever released, relinquished, and

discharged, and shall forever be enjoined from prosecution of the other Defendant Released Parties, Plaintiffs, the Plan, Class Members, and Class Counsel from any and all actual or potential claims, actions, causes of action, demands, obligations, liabilities, attorneys' fees and costs, whether under local, state or federal law, whether by statute, contract, common law or equity, whether brought in an individual, representative or any other capacity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, relating to the Action.

5.4.    ***Taxation of Settlement Fund.*** Plaintiffs and Class Members acknowledge that the Defendant Released Parties have no responsibility for any taxes due on funds deposited in or distributed from the Settlement Fund, or on any funds that Plaintiffs, Class Members, or Class Counsel receive from the Settlement Fund, including through any Case Contribution Awards or Attorneys' Fees and Expenses award, as applicable.

5.5.    ***Use of Settlement Administrator Information.*** Class Counsel, Defendants' Counsel, and the Defendants shall have equal access to information held by the Settlement Administrator given that such information is necessary to administer this Settlement.

5.6.    ***Use of Defendants' and Plan Information.*** Class Counsel and their agents, as well as the Settlement Administrator, shall use any information provided by Defendants or the Plan Recordkeepers pursuant to this Agreement solely for the purpose of providing the Notice and administering this Settlement and for no other purpose. Such information shall be marked "Confidential" and treated as such under the Consent Protective Order governing the Action. *See Jones v. Coca-Cola Consolidated, Inc.*, Case No. 3:20-cv-00654, Dkt. No. 40.

**VI.      REPRESENTATIONS AND WARRANTIES**

6.1.    ***Parties' Representations and Warranties.*** The Parties, and each of them, represent and warrant as follows, and each Party acknowledges that each other Party is relying on these representations and warranties in entering into this Agreement:

a)      The Parties have diligently investigated the claims in this Action; that they are voluntarily and knowingly entering into this Agreement as a result of arm's-length negotiations among their counsel; that in executing this Agreement they are relying solely upon their own judgment, belief and knowledge, and the advice and recommendations of their own independently-selected counsel, concerning the nature, extent and duration of their rights and claims hereunder and regarding all matters that relate in any way to the subject matter hereof; and that, except as provided in this Agreement, they have not been influenced to any extent whatsoever in executing this Agreement by any representations, statements, or omissions pertaining to any of the foregoing matters by any Party or by any person representing any Party. Each Party assumes the risk of mistake as to facts or law;

b)      The Parties have carefully read the contents of this Agreement and this Agreement is signed freely by each signatory executing the Agreement on behalf of the applicable Party. The Parties, and each of them, further represent and warrant to each other that he, she, or it has made such investigation of the facts pertaining to this Settlement, this Agreement, and all of the matters pertaining thereto, as he, she, or it deems necessary;

c)      That Plaintiffs have not assigned or otherwise transferred any interest in any Released Claim against any Defendant Released Parties, and that they shall not assign or otherwise transfer any interest in any Released Claims; and

d)      Plaintiffs, on behalf of themselves and the Class, will have no surviving claims or causes of action against any of the Defendant Released Parties for any of the Released Claims, from and after the Effective Date.

6.2.    ***Signatories' Representations and Warranties.*** Each counsel or other person executing this Agreement on behalf of any Party represents and warrants that such person has the authority to do so.

## VII.    MONETARY PAYMENTS

7.1.    ***Case Contribution Award.***

a)      Plaintiffs intends to seek a Case Contribution Award not to exceed the amount of $15,000 for each Class Representative, subject to Court approval ("Case Contribution Award"). Any Case Contribution Award approved by the Court shall be paid within thirty (30) calendar days of the Effective Date. The Case Contribution Award shall be paid by the Settlement Administrator solely out of the Settlement Fund and shall be deducted (to the extent approved by the Court) from the Settlement Fund on or after the Effective Date and prior to the distribution of the Settlement Fund to the Class Members. Class Representatives shall also be entitled to distribution under this Settlement pursuant to Section 3.2 as Class Members.

b)      Notwithstanding any other provision of this Agreement to the contrary, the procedure for and the allowance or disallowance (in whole or in part) by the Court of any

application for the Case Contribution Award shall be considered by the Court separately from its consideration of the fairness, reasonableness, and adequacy of the Settlement, and any order or proceedings relating to the Case Contribution Award, or any appeal of any order relating thereto, shall not operate to terminate or cancel this Agreement or be deemed material thereto.

c)      Other than the Settlement Amount, Defendants shall have no obligations whatsoever with respect to any Case Contribution Award to Class Representatives, which shall be payable solely out of the Settlement Fund.

7.2.    ***Attorney's Fees and Expenses.***

a)      Class Counsel intends to submit a Motion for Attorneys' Fees and Expenses seeking an award of Attorneys' Fees not to exceed 33 1/3% of the Settlement Amount, plus reasonable litigation expenses advanced and carried by Class Counsel for the duration of the Action, not to exceed $225,000. Class Counsel will file such motion no later than the deadline set in the Preliminary Approval Order. Any amount awarded by the Court in response to such motion shall be paid by the Settlement Administrator solely out of the Settlement Fund and shall be deducted (to the extent approved by the Court) from the Settlement Fund and paid to Class Counsel within thirty (30) calendar days of the Effective Date.

b)      Notwithstanding any other provision of this Agreement to the contrary, the procedure for and the allowance or disallowance (in whole or in part) by the Court of the Motion for Attorneys' Fees and Expenses to be paid out of the Settlement Fund shall be considered by the Court separately from its consideration of the fairness, reasonableness,

and adequacy of the Settlement, and any order or proceedings relating to the award of Attorneys' Fees and Expenses, or any appeal of any order relating thereto, shall not operate to terminate or cancel this Agreement or be deemed material thereto.

        c)    Other than the Settlement Amount, Defendants shall have no obligations whatsoever with respect to any Attorneys' Fees and Expenses incurred by Class Counsel, which shall be payable solely out of the Settlement Fund.

## VIII.    CONTINGENCIES, EFFECT OF DISAPPROVAL, OR TERMINATION OF SETTLEMENT

8.1.    This Agreement and the Settlement shall terminate and be cancelled if, within ten (10) calendar days after any of the following events, one of the Parties provides all other Parties with written notification of an election to terminate the Settlement, provided that the Parties shall negotiate in good faith to cure any deficiency identified by the Court:

a)    The Court declines to maintain certification of the Class as described under Section 2.1;

b)    The Court declines to provide preliminary approval of this Agreement, or declines to enter, or materially modifies, the contents of the Preliminary Approval Order, or the Preliminary Approval Order is vacated, reversed, or modified in any material respect on any appeal or other review or in a collateral proceeding occurring prior to the Effective Date;

d)    The Court declines to provide final approval of this Agreement, or declines to enter, or materially modifies, the contents of the Final Approval Order and Judgment;

e)    The Court's Final Approval Order and Judgment is vacated, reversed, or modified in any material respect on any appeal or other review or in a collateral proceeding occurring prior to the Effective Date; or

-30-

f)      The Effective Date is not triggered for some other reason for more than one year after entry of the Preliminary Approval Order, unless the Parties agree in writing to an extension or modification of this Section 8.1(f).

8.2.     For purposes of this Agreement, no order of the Court, or modification or reversal on appeal of any order of the Court, solely concerning the administration of the Settlement or the persons performing such administrative functions, or the amount or award of any Attorneys' Fees and Expenses or Case Contribution Award shall constitute grounds for cancellation or termination of the Agreement, provided that such order, modification, or reversal does not increase any Defendants' total financial obligations under this Settlement, including the Settlement Amount, or impose injunctive relief against any Defendant.

8.3.     This Agreement and the Settlement shall terminate and be cancelled at the sole election of Defendants if the Independent Fiduciary disapproves or otherwise does not authorize the Settlement or refuses to approve the release on behalf of the Plan of the Released Claims. Alternatively, Defendants shall have the option to waive this condition. Unless otherwise agreed by the Parties, either option is to be exercised in writing within the earlier of (a) ten (10) business days after the Parties' receipt of the Independent Fiduciary's written determination under Section 2.6, or (b) three (3) business days prior to the date set for the Final Approval Hearing.

8.4.     This Agreement and the Settlement shall terminate and be cancelled if: (a) any federal or state authorities object to, or request material modifications to, the Agreement; and (b) within ten (10) business days after the deadline set in the Preliminary Approval Order for such objections or requests, or within ten (10) business days of receiving any such objection or request, if later, Defendants provide written notice of their election to terminate the Settlement.

-31-

8.5.    If for any reason this Agreement is terminated or fails to become effective, then:

a)    Plaintiffs and Defendants shall be deemed to have reverted to their respective status in the Action as of January 18, 2022. The Action shall then resume proceedings in the Court, and, except as otherwise expressly provided in this Agreement, the Parties shall proceed in all respects as if this Agreement and any related orders had not been entered.

b)    Class Counsel and Defendants' Counsel shall within ten (10) business days after the date of termination of the Agreement jointly notify the Financial Institution in writing to return to Defendants, or their designee(s), the full amount contained in the Settlement Fund, with all interest and income earned thereon, after deduction of any amounts earlier disbursed and/or incurred by the Settlement Fund as of the termination, and direct the Financial Institution to effect such return within fourteen (14) calendar days after such notification. Prior to the return of amounts contemplated by this Section 8.5(b), the Financial Institution shall fully and finally fulfill and set aside for any and all tax obligations of the Settlement Fund as set forth in Section 3.1(i). Defendants shall have no past, present, or future liability whatsoever for any such tax obligations.

c)    Part VIII of this Agreement, and its provisions, shall survive any termination of this Agreement and the Settlement, as will Sections 3.3, 4.3, 5.4, and 5.6.

## IX.    NO ADMISSION OF WRONGDOING

9.1.    ***No Admission of Wrongdoing.*** The Parties understand and agree that this Agreement embodies a compromise settlement of disputed claims, and that nothing in this Agreement, including the furnishing of consideration for this Agreement, shall be deemed to

constitute any finding or admission of any wrongdoing or liability by any of the Defendants, or give rise to any inference of wrongdoing or liability in the Action or any other proceeding. This Agreement and the consideration provided hereunder are made in compromise of disputed claims and are not admissions of any liability of any kind, whether legal or factual. The Defendants specifically deny any such liability or wrongdoing, and state that they are entering into the Agreement solely to eliminate the burden and expense of protracted litigation. Further, Plaintiffs have concluded that the terms of this Agreement are fair, reasonable, and adequate to the Plan, themselves, and the Class given, among other things, the inherent risks, difficulties, and delays in complex ERISA lawsuits, like the Action. Neither the fact of this Settlement nor the terms of this Agreement shall be used, offered, or received in evidence in any action or proceeding for any purpose, except in an action or proceeding to enforce this Agreement, whether affirmatively or defensively.

## X.   MISCELLANEOUS

10.1.   *Additional Terms.*

a)   The Corporate Benefits Committee of Coca-Cola Consolidated, Inc. will conduct a request for information regarding the provision of recordkeeping services for the Plan provider no later than December 31, 2024.

b)   The Corporate Benefits Committee of Coca-Cola Consolidated, Inc will evaluate its process for replacing investment funds in the Plan within one (1) year of the Effective Date.

10.2.   *Waiver.* The provisions of this Agreement may be waived only by an instrument in writing executed by the waiving Party. The waiver by any Party of any breach of this

-33-

Agreement shall not be deemed to be or construed as a waiver of any other breach, whether prior, subsequent, or contemporaneous, of this Agreement.

10.3. ***Dispute Resolution.*** If a dispute arises regarding compliance with any of the provisions of this Agreement, it shall first be mediated in non-binding mediation by a mutually agreed upon mediator. The cost of any mediation shall be split equally between Plaintiffs, on the one hand, and Defendants, on the other hand. If mediation is unsuccessful, then any remaining disputes regarding compliance with this Agreement shall be heard only by this Court.

10.4. ***Entire Agreement.*** This Agreement is the entire agreement among the Parties and it supersedes any prior agreements, written or oral, between the Parties. This Agreement cannot be altered, modified, or amended except through a writing executed by either (a) Plaintiffs and Defendants, or (b) Class Counsel and Defendants' Counsel.

10.5. ***Construction of Agreement.*** This Agreement shall be construed to effectuate the intent of the Parties to resolve all disputes encompassed by the Agreement. All Parties have participated in the drafting of this Agreement, and any ambiguity shall not be resolved by virtue of a presumption in favor of any Party. The Agreement was reached at arm's-length by the Parties represented by counsel. None of the Parties shall be considered to be the drafter of this Agreement or any provision hereof for the purposes of any statute, case law, or rule of interpretation or construction.

10.6. ***Principles of Interpretation.*** The following principles of interpretation apply to this Agreement:

a) The headings of this Agreement are for reference only and do not affect in any way the meaning or interpretation of this Agreement.

-34-

b)      Definitions apply to the singular and plural forms of each term defined.

c)      Definitions apply to the masculine, feminine, and neutral genders of each term defined.

d)      References to a person are also to the person's permitted successors and assignees.

e)      Whenever the words "include," "includes," or "including" are used in this Agreement, they shall not be limiting but rather shall be deemed to be followed by the words "without limitation."

10.7.    ***Executed in Counterparts.*** This Agreement may be executed in counterparts, each of which shall be considered the same as if a single document had been executed. The Agreement shall be deemed executed by all Parties when such counterparts have been signed by each of the Parties' counsel and delivered to the other Parties or their counsel. Counterpart copies of signature pages, whether delivered in original, by electronic mail in .pdf format or by facsimile, taken together, shall all be treated as originals and binding signatures.

10.8.    ***Notices.*** Unless otherwise provided herein, any notice, request, instruction, application for Court approval, or application for Court order sought in connection with the Agreement, shall be in writing and delivered personally or sent by certified mail or overnight delivery service, postage prepaid, with copies by facsimile or e-mail to the attention of Class Counsel or Defendants' Counsel, as applicable (as well as to any other recipients that a court may specify). Parties may change the person(s) to whom such notices should be directed by giving notice pursuant to this section. As of the date hereof, the respective representatives are as follows:

**For Defendants:**

**Brian D. Boone**
ALSTON & BIRD LLP
101 South Tyron Street, Suite 4000
Charlotte, North Carolina 28280
Telephone: (704) 444-1000
Facsimile: (704) 444-1111
Email: brian.boone@alston.com

**For Plaintiffs:**

**James E. Miller**
MILLER SHAH LLP
65 Main Street
Chester, CT 06412
Telephone: (860) 526-1100
Facsimile: (866) 300-7367
Email: jemiller@millershah.com

10.9.    ***Extensions of Time.*** The Parties may agree, subject to the approval of the Court where required, to reasonable extensions of time to carry out the provisions of the Agreement.

10.10.    ***Governing Law.*** Except to the extent required by federal law, this Agreement shall be governed by and construed in accordance with the laws of the State of North Carolina without giving effect to any conflict of law provisions that would cause the application of the laws of any jurisdiction other than the State of North Carolina.

10.11.    ***Fees and Expenses.*** Except as otherwise expressly set forth herein, each Party shall pay all fees, costs, and expenses incurred in connection with the Action, including fees, costs, and expenses incident to his, her, or its negotiation, preparation, or compliance with this Agreement, and including any fees, expenses, and disbursements of its counsel, accountants, experts and other advisors. Nothing in this Agreement shall require Defendants to pay any monies other than as expressly provided herein.

-36-

10.12. ***Communication with Plan Participants.*** Nothing in this Agreement or Settlement shall prevent or inhibit Defendants' ability to communicate with former, active, or inactive participants of the Plan or Former Participants.

10.13. ***Retention of Jurisdiction.*** The Parties shall request that the Court retain jurisdiction of this matter after the Effective Date and enter such orders as necessary or appropriate to effectuate the terms of the Agreement.

[***Signatures Appear on the Following Page***]

Dated: February 22, 2022

On Behalf of Plaintiffs, Individually and as Representatives of the Settlement Class and the Plan

James E. Miller
MILLER SHAH LLP
65 Main Street
Chester, CT 06412
Telephone: (860) 526-1100
Facsimile: (866) 300-7367
Email: jemiller@millershah.com

Dated: February 22, 2022

On Behalf of Coca-Cola Consolidated, Inc., the Coca-Cola Consolidated, Inc. Board of Directors, and the Corporate Benefits Committee of Coca-Cola Consolidated, Inc.

E. Beauregarde Fisher III
Executive Vice President, General Counsel
Coca-Cola Consolidated, Inc.

-38-

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| CHEYENNE JONES AND SARA J. GAST, | : | Civil Action |
| Individually and as a representative of a class | : | No. 3:20-CV-00654 (FDW-DSC) |
| of similarly situated persons, on behalf of the | : | |
| COCA-COLA CONSOLIDATED, INC. | : | |
| 401(k) PLAN, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| COCA-COLA CONSOLIDATED, INC., THE | : | |
| BOARD OF DIRECTORS OF COCA-COLA | : | |
| CONSOLIDATED, INC., THE CORPORATE | : | |
| BENEFITS COMMITTEE OF COCA-COLA | : | |
| and DOES NO. 1-10, Whose Names Are | : | |
| Currently Unknown, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## [PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT

This Class Action came before the Court for hearing on _____, 2022 to determine the fairness of the proposed Settlement presented to the Court and the subject of this Court's Order Granting Preliminary Approval of Class Action Settlement, Preliminarily Certifying a Class for Settlement Purposes, Approving Form and Manner of Settlement Notice, and Setting Date for a Fairness Hearing. Due notice having been given and the Court having been fully advised in the premises,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

Except as otherwise defined herein, all capitalized terms used in this Final Approval Order and Judgment shall have the same meanings as ascribed to them in the Agreement executed by counsel on behalf of the Class Representatives, all Class Members, and Defendants, respectively.

1

1.    The Court has jurisdiction over the subject matter of the Class Action and over all Parties, including all members of the Settlement Class.

2.    For the sole purpose of settling and resolving the Class Action, the Court certifies this Class Action as a class action pursuant to Rules 23(a) and (b)(1) of the Federal Rules of Civil Procedure.  The Settlement Class is defined as:

> All participants and beneficiaries of the Plan, at any time during the Class Period, including any beneficiary of a deceased person who was a participant in the Plan at any time during the Class Period, and any Alternate Payees, in the case of a person subject to a QDRO who was a participant in the Plan at any time during the Class Period. The Class shall exclude all Defendants.

3.    The Court finds for the sole purpose of settling and resolving the Class Action that:

(a)  as required by FED. R. CIV. P. 23(a)(1), the Settlement Class is ascertainable from records kept with respect to the Plan and from other objective criteria, and the Settlement Class is so numerous that joinder of all members is impracticable.

(b)  as required by FED. R. CIV. P. 23(a)(2), there are one or more questions of law and/or fact common to the Settlement Class.

(c)  as required by FED. R. CIV. P. 23(a)(3), the claims of the Class Representatives are typical of the claims of the Settlement Class that the Class Representatives seek to certify.

(d)  as required by FED. R. CIV. P. 23(a)(4), the Class Representatives will fairly and adequately protect the interests of the Settlement Class in that: (i) the interests of the Class Representatives and the nature of the alleged claims are consistent with those of the Settlement Class members; and (ii) there appear to be no conflicts between or among the Class Representatives and the Settlement Class.

(e)  as required by FED. R. CIV. P. 23(b)(1), the prosecution of separate actions by individual members of the Settlement Class would create a risk of: (i) inconsistent or varying

adjudications as to individual Settlement Class members that would establish incompatible standards of conduct for the parties opposing the claims asserted in this Class Action; or (ii) adjudications as to individual Settlement Class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications, or substantially impair or impede the ability of such persons to protect their interests.

(f) as required by FED. R. CIV. P. 23(g), Class Counsel are capable of fairly and adequately representing the interests of the Settlement Class, and Class Counsel: (i) have done appropriate work identifying or investigating potential claims in the Class Action; (ii) are experienced in handling class actions; and (iii) have committed the necessary resources to represent the Settlement Class.

4.  The Court hereby appoints Cheyenne Jones and Sara J. Gast as Class Representatives for the Settlement Class, and Miller Shah LLP and Capozzi Adler, P.C. as Class Counsel for the Settlement Class.

5.  The Court hereby finds that the Settlement Class has received proper and adequate notice of the Settlement, the Fairness Hearing, Class Counsel's application for Attorneys' Fees and Expenses and for Case Contribution Awards to the Class Representatives, and the Plan of Allocation, such notice having been given in accordance with the Preliminary Approval Order. Such notice included individual notice to all members of the Settlement Class who could be identified through reasonable efforts, as well as notice through the dedicated Settlement Website on the internet, and provided valid, due, and sufficient notice of these proceedings and of the matters set forth in this Order, and included sufficient information regarding the claims procedure for Former Participants, Beneficiaries, and Alternate Payees without Active Accounts and the procedure for the making of objections. Such notice constitutes the best notice practicable under

3

the circumstances and fully satisfies the requirements of FED. R. CIV. P. 23 and the requirements of due process.

6. The Court hereby approves the Settlement and hereby orders that the Settlement shall be consummated and implemented in accordance with its terms and conditions.

7. Pursuant to FED. R. CIV. P. 23(e), the Court finds that the Settlement embodied in the Settlement Agreement is fair, reasonable and adequate to the Plan and the Settlement Class, and more particularly finds that:

(a) The Settlement was negotiated vigorously and at arm's length, under the auspices of the Mediator, by Defense Counsel, on the one hand, and by Class Counsel on behalf of the Class Representatives and the Settlement Class, on the other hand;

(b) Class Representatives and Defendants had sufficient information to evaluate the settlement value of the Class Action;

(c) If the Settlement had not been achieved, Class Representatives and the Settlement Class faced the expense, risk, and uncertainty of extended litigation;

(d) The amount of the Settlement – three million five hundred thousand dollars ($3,500,000) is fair, reasonable, and adequate, taking into account the costs, risks, and delay of trial and appeal. The method of distributing the Settlement Fund is efficient and requires no filing of claims for participants, Beneficiaries, and Alternate Payees with Active Accounts, and requires only a modest Former Participant Claim Form for Former Participants, Beneficiaries, and Alternate Payees without Active Accounts. The Settlement terms related to attorneys' fees do not raise any questions concerning fairness of the Settlement, and there are no agreements, apart from the Settlement, required to be considered under FED. R. CIV. P. 23(e)(2)(C)(iv). The Settlement Amount is within the range of settlement values obtained in similar cases;

4

(e) At all times, the Class Representatives and Class Counsel have acted independently of Defendants and in the interest of the Settlement Class; and

(f) The Court has duly considered and overruled any filed objection(s) to the Settlement to the extent there were any.

8. The Plan of Allocation is finally approved as fair, reasonable, and adequate. The Settlement Administrator shall distribute the Net Settlement Amount in accordance with the Plan of Allocation and the Settlement Agreement. The Settlement Administrator shall have final authority to determine the share of the Net Settlement Amount to be allocated to each Class Member in accordance with the Plan of Allocation approved by the Court.

9. All requirements of the Class Action Fairness Act, 28 U.S.C. § 1711, *et seq.*, have been met.

10. The releases and covenants not to sue set forth in the Settlement Agreement, including but not limited to Section V of the Settlement Agreement, together with the definitions contained in the Settlement Agreement relating thereto, are expressly incorporated herein in all respects. The releases are effective as of the Effective Date. Accordingly, the Court orders that, as of the Effective Date, the Plan, the Class Representatives, and the Class Members (and their respective heirs, beneficiaries, executors, administrators, fiduciaries, estates, past and present partners, officers, directors, predecessors, successors, assigns, agents, and attorneys) hereby fully, finally, and forever settle, release, relinquish, waive, and discharge all Defendant Released Parties from all Released Claims, regardless of whether or not such Class Member may discover facts in addition to or different from those which the Class Members or Class Counsel now know or believe to be true with respect to the Class Action and the Released Claims and regardless of whether such Class Member receives a monetary benefit from the Settlement, actually received the Settlement

5

Notice, filed an objection to the Settlement or to any application by Class Counsel for an award of Attorneys' Fees and Expenses, and whether or not the objections or claims for distribution of such Class Member have been approved or allowed.

11.     The Class Representatives, Class Members, and the Plan hereby settle, release, relinquish, waive, and discharge any and all rights or benefits they may now have, or in the future may have, under any law relating to the releases of unknown claims.

12.     The Class Representatives, the Class Members, and the Plan, acting individually or together, or in combination with others, are hereby permanently and finally barred and enjoined from suing the Defendant Released Parties in any action or proceeding alleging any of the Released Claims.

13.     Each Class Member hereby releases the Defendant Released Parties, Defense Counsel, and Class Counsel for any claims, liabilities, and attorneys' fees and expenses arising from the allocation of the Settlement Fund or Net Settlement Amount and for all tax liability and associated penalties and interest as well as related attorneys' fees and expenses.

14.     The operative complaint and all claims asserted therein in the Class Action are hereby dismissed with prejudice and without costs to any of the Parties and Defendant Released Parties other than as provided for in the Agreement.

15.     The Court shall retain exclusive jurisdiction to resolve any disputes or challenges that may arise as to the performance of the Settlement Agreement or any challenges as to the performance, validity, interpretation, administration, enforcement, or enforceability of the Settlement Notice, Plan of Allocation, this Final Approval Order, the Settlement Agreement or the termination of the Settlement Agreement. The Court shall also retain exclusive jurisdiction and will rule by separate Order with respect to all applications for awards of Attorneys' Fees and

6

Expenses and Case Contribution Awards to the Class Representatives submitted pursuant to the Agreement.

16.     Any motion to enforce this Final Approval Order or the Agreement, including by way of injunction, may be filed in this Court, and the provisions of the Agreement and/or this Final Approval Order may also be asserted by way of an affirmative defense or counterclaim in response to any action that is asserted to violate the Agreement.

17.     In the event that the Agreement is terminated, in accordance with its terms, this Final Approval Order shall be rendered null and void, *ab initio*, and shall be vacated *nunc pro tunc*, and this Class Action shall for all purposes with respect to the Parties revert to its status as of the day immediately before the day the Settlement was reached.  The Parties shall be afforded a reasonable opportunity to negotiate a new case management schedule.

18.     With respect to any matters that arise concerning the implementation of distributions to Class Members who have an Active Account (after allocation decisions have been made by the Settlement Administrator in its sole discretion), all questions not resolved by the Settlement Agreement shall be resolved by the Plan administrator or other fiduciaries of the Plan, in accordance with applicable law and the governing terms of the Plan.

19.     Within 21 calendar days following the issuance of all settlement payments to Class Members as provided by the Plan of Allocation approved by the Court, the Settlement Administrator shall prepare and provide to Class Counsel and Defense Counsel a list of each person who received a settlement payment or contribution from the Settlement Fund and the amount of such payment or contribution.

20.     Upon entry of this Final Approval Order, all Settling Parties, the Settlement Class, and the Plan shall be bound by the Settlement Agreement and this Final Approval Order.

7

21. **Final Approval Granted**: The Motion for Final Approval of the Settlement and Agreement is hereby GRANTED, the settlement of the Action is APPROVED as fair, reasonable and adequate to the Plan and the Class, and the Parties are hereby directed to take the necessary steps to effectuate the terms of the Agreement.

22. **Judgment**: The Court hereby enters judgment on all claims, counts and causes of action alleged in the Class Action. Notwithstanding the reservation of jurisdiction in Paragraph 15 of this Final Approval Order, this is a final and appealable judgment that ends the litigation of the Class Action. The Clerk is directed to enter this judgment in the civil docket forthwith.

SO ORDERED, ADJUDGED AND DECREED this _____ day of _____, 2022.

_____
Hon. Frank D. Whitney
United States District Judge

8

# EXHIBIT B

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| CHEYENNE JONES AND SARA J. GAST, | : | Civil Action |
| Individually and as a representative of a class | : | No. 3:20-CV-00654 (FDW-DSC) |
| of similarly situated persons, on behalf of the | : | |
| COCA-COLA CONSOLIDATED, INC. | : | |
| 401(k) PLAN, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| COCA-COLA CONSOLIDATED, INC., THE | : | |
| BOARD OF DIRECTORS OF COCA-COLA | : | |
| CONSOLIDATED, INC., THE CORPORATE | : | |
| BENEFITS COMMITTEE OF COCA-COLA | : | |
| and DOES NO. 1-10, Whose Names Are | : | |
| Currently Unknown, | : | |
| | : | |
| Defendants. | : | |

---

### NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT

*IF YOU WERE A PARTICIPANT IN THE COCA-COLA CONSOLIDATED, INC. 401(K) PLAN BETWEEN NOVEMBER 24, 2014 AND [INSERT PRELIMINARY APPROVAL DATE], YOU COULD RECEIVE A PAYMENT AND YOUR LEGAL RIGHTS WILL BE AFFECTED BY THIS CLASS ACTION SETTLEMENT.*

*A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

This Notice advises you of the settlement (the "Settlement") of a lawsuit against Coca-Cola Consolidated, Inc., the Coca-Cola Consolidated, Inc. Board of Directors, and the Corporate Benefits Committee of Coca-Cola Consolidated, Inc. (collectively, "Defendants"). In the lawsuit, Plaintiffs, Cheyenne Jones and Sara J. Gast (collectively, "Plaintiffs" and with Defendants, the "Parties"), allege that Defendants violated the Employee Retirement Income Security Act of 1974 ("ERISA") in the administration of the Coca-Cola Consolidated, Inc. 401(k) Plan (the "Plan"). Defendants deny the allegations and deny that they engaged in any improper conduct. YOU SHOULD READ THIS ENTIRE NOTICE CAREFULLY BECAUSE YOUR LEGAL RIGHTS WILL BE AFFECTED, WHETHER YOU ACT OR NOT.

Your rights and options, and the deadline for you to object if you are opposed to the Settlement, are explained in this Notice.

# WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION**

1. Why did I get this Notice?..................................................**Error! Bookmark not defined.**
2. What is this lawsuit about?................................................................. 1
3. What is a class action lawsuit? ........................................................... 1
4. Why is there a settlement?.................................................................. 1
5. How do I get more information about the Settlement? ......................... 2
6. Who will administer the Settlement?.................................................. 2

**THE SETTLEMENT BENEFITS – WHAT DOES THE SETTLEMENT PROVIDE**

7. What does the Settlement provide? ..................................................... 2
8. How may I benefit from the Settlement?.............................................. 2
9. How do I submit a claim for a Settlement Payment? ............................ 3
10. What is the Plaintiff receiving from the Settlement? ............................ 3

**THE SETTLEMENT BENEFITS – WHAT YOU GIVE UP**

11. What do I give up by participating in the Settlement? .......................... 4

**THE LAWYERS REPRESENTING YOU**

12. Do I have a lawyer in this case? ......................................................... 4

**OPTING OUT OF THE SETTLEMENT**

14. Can I exclude myself from the Class?.................................................. 4

**OBJECTING TO THE SETTLEMENT**

15. What does it mean to object?.............................................................. 4
16. What is the procedure for objecting to the Settlement, including any objection to Class Counsel's Motion for Attorneys' Fees and Expenses or Case Contribution Award?.................... 5

**THE COURT'S FAIRNESS HEARING**

17. When/where will the Court decide whether to approve the Settlement? ................................ 6
18. Do I have to attend the Fairness Hearing?........................................... 6
19. May I speak at the Fairness Hearing?.................................................. 7

**IF YOU DO NOTHING**

20. What happens if I do nothing at all?.................................................... 7

## 1.      Why did I get this Notice?

Records indicate that you are or may be a Participant, Former Participant, Beneficiary or Alternate Payee of a Participant or Former Participant, of the Plan at any time on or after November 24, 2014, through and including [INSERT PRELIMINARY APPROVAL DATE] (the "Class Period").[1]

You are receiving this Notice because you have a right to know about the proposed settlement of a class action lawsuit in which you are potentially a Class Member before the Court decides whether to approve the Settlement.

This Notice summarizes the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible to receive them, and how to get them.

The lawsuit is pending in the United States District Court for the Western District of North Carolina (the "Court"). It is known as *Jones et al v. Coca-Cola Consolidated, Inc., et al.,* Case No. 3:20-cv-00654-FDW-DSC (W.D.N.C.) and is brought against Defendants.

## 2.      What is this lawsuit about?

On November 24, 2020, Plaintiffs filed an action against Defendants, alleging that they violated ERISA regarding the administration of the Plan. Since the filing of the action, the parties engaged in litigation, including ongoing investigation into the claims and other developments, exchanging substantial document productions and taking depositions of fact and expert witnesses, and briefing a motion to dismiss and motion for class certification, as well as certain related motions. In December 2021, the Parties mediated the action and, following further negotiations, were ultimately able to reach the terms of the Settlement explained in this Notice. Defendants have denied and continue to deny any wrongdoing or liability and would continue to vigorously defend the lawsuit if the proposed Settlement is not approved.

## 3.      What is a class action lawsuit?

In a class action lawsuit, one or more people called "class representatives" sue on their own behalf and on behalf of other people who they allege have similar claims. One court resolves all the issues for all class members in a single lawsuit. Plaintiffs are the proposed class representative in this lawsuit, and are sometimes referred to in this Notice as the "Class Representatives" or as "Plaintiffs."

## 4.      Why is there a settlement?

The Parties have agreed to the Settlement after extensive negotiations. By agreeing to a settlement, the Parties avoid the costs and risks of further litigation, and Plaintiffs and the other members of the Class will receive compensation. Class Counsel have conducted an extensive

---

[1] Capitalized terms not otherwise defined in this Notice shall have the same meaning as in the Agreement, which is available at strategicclaims.net/ccc401k/.

review of the evidence in the case and the potential risks and benefits of continued litigation. Plaintiffs and Class Counsel agree that the Settlement is in the best interest of the Settlement Class. The Court has not made any finding that Defendants have done anything wrong or violated any law or regulation.

**5.     How do I get more information about the Settlement?**

This notice summarizes the proposed settlement. For the precise terms and conditions of the Settlement, please see the Agreement, which is available at strategicclaims.net/ccc401k/,by contacting Class Counsel (*see* answer to question 12 for contact information) or the Settlement Administrator (*see* answer to question 6 for contact information), or by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.ncwd.uscourts.gov/.

**PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.**

**6.     Who will administer the Settlement?**

The Settlement Administrator, Strategic Claims Services, will administer the Settlement, including the processing of the Former Participant Claim Form, if applicable, that you may need to fill out and send in to receive any settlement payment. You may contact the Settlement Administrator by: (a) sending a letter to Coca-Cola Consolidated 401k Settlement Administrator, c/o Strategic Claims Services, 600 N Jackson St #205, Media, PA 19063; (b) sending an e-mail to info@strategicclaims.net; (c) visiting the Settlement website at strategicclaims.net/ccc401k/; or (d) calling toll-free at 866-274-4004.

**THE SETTLEMENT BENEFITS – WHAT DOES THE SETTLEMENT PROVIDE**

**7.     What does the Settlement provide?**

Defendants have agreed to pay a total of $3,500,000 to the Class Members ("Settlement Fund"). Class Counsel intends to ask the Court to approve up to 33 1/3% of that amount for attorneys' fees, and expenses, as well as a $15,000 ("Case Contribution Award") to be paid to each of the Class Representatives. The amount that will be available for distribution to Class Members ("Net Settlement Amount") will be the Settlement Fund *minus* the amounts used for other approved settlement purposes (Case Contribution Fee, Court-approved Attorneys' Fees and Expenses to Class Counsel, Administration Expenses, and certain taxes and tax-related costs).

**8.     How may I benefit from the Settlement?**

You may be entitled to payment of a portion of the Net Settlement Amount. The amount paid to each Participant, Former Participant, Beneficiary or Alternate Payee will be determined by a Plan of Allocation. As explained below, if you are a Participant, or Beneficiary or Alternate Payee of a participant and you have an Active Account in the Plan, you do not need to take any action in order to receive payment under the Settlement. If you are a Former Participant, or a

Beneficiary or Alternate Payee of a Former Participant and you no longer have an active account in the Plan, you will need to submit a Former Participant Claim Form by the deadline for submission in order to receive payment under the Settlement. Payments made to participants, or to Beneficiaries or Alternate Payees of a participant who have Active Accounts in the Plan under the Settlement shall be made into these persons' individual investment accounts in the Plan. Payments made to Former Participants, or to Beneficiaries or Alternate Payees of Former Participants who do not have Active Accounts in the Plan under the Settlement may be made either by check or tax-qualified rollover to an individual retirement account or other eligible employer plan.

**9.      How do I submit a claim for a Settlement Payment?**

If you are a Participant, or a Beneficiary or Alternate Payee of a Participant and you have an Active Account in the Plan, you do not need to submit a claim to be eligible for a payment under the Settlement. You will receive any payment for which you are eligible automatically in your Plan account. If you are a Former Participant, or a Beneficiary or an Alternate Payee of a Former Participant and you do not have an Active Account in the Plan, you must submit a Former Participant Claim Form by the deadline for submission in order to be eligible for a payment under the Settlement. "Former Participant" means a member of the Settlement Class who does not have an Active Account (*i.e.*, a balance greater than $0) as of [INSERT PRELIMINARY APPROVAL DATE].

**If you are a Former Participant, or a Beneficiary or Alternate Payee of a Former Participant and you do not have an Active Account in the Plan, and want to receive any monetary benefits from the Settlement, you must submit the Former Participant Claim Form by no later than _____ 2022 [ACTUAL DATE TO BE 105 DAYS AFTER ENTRY OF PRELIMINARY APPROVAL ORDER TO BE SUBSTITUTED IN FINAL NOTICE]. You must mail the Former Participant Claim Form to the address shown on the Form.**

A Former Participant Claim Form will be deemed submitted when it is actually received by the Settlement Administrator at the address listed in the Form.

> **Even if you do not submit a Former Participant Claim Form, you will be bound by the Settlement. (*See* answer to question 14 below.)**

**10.      What are the Plaintiffs receiving from the Settlement?**

Class Counsel intends to ask the Court to award each Class Representative a Case Contribution Fee of $15,000 in recognition of the work and effort they expended on behalf of the Class.

## THE SETTLEMENT BENEFITS – WHAT YOU GIVE UP

**11.     What do I give up by participating in the Settlement?**

Each Member of the Settlement Class gives Defendants a "release."  A release means you give up your rights to sue Defendants or receive any benefits from any other lawsuit against Defendants if the lawsuit asserts similar claims or relates in any way to the practices or decisions at issue in this lawsuit.

For additional details about the scope of the release, consult the Settlement Agreement or contact Class Counsel.  (*See* answer to question 5 for details.)

## THE LAWYERS REPRESENTING YOU

**12.     Do I have a lawyer in this case?**

Yes.  The Court has appointed the law firm of Miller Shah LLP and Capozzi Adler, P.C. as Class Counsel.  You will not be charged for the work of these lawyers.  If you want to be represented by a different lawyer in this case, you may hire one at your own expense.

**13.     How will the lawyers (Class Counsel) be paid?**

Class Counsel will ask the Court for an award of attorneys' fees and expenses of up to 33 1/3% of the Settlement Amount based upon the value of the Settlement, the time they have devoted to this engagement, and the expenses they have advanced in prosecuting this matter.

## OPTING OUT OF THE SETTLEMENT

**14.     Can I exclude myself from the Settlement Class?**

No.  The Settlement Class has been certified under Federal Rule of Civil Procedure 23(b)(1).  Therefore, as a Class Member, you are bound by any judgments or orders that are entered in the lawsuit for all claims that were asserted in the lawsuit or are otherwise included as Released Claims as defined in the Settlement Agreement.  If you wish to object to any part of the Settlement, you may (as discussed below) write to the Court and counsel about why you object to the Settlement.

## OBJECTING TO THE SETTLEMENT

**15.     What does it mean to object?**

Objecting is simply telling the Court that you do not like something about the Settlement.  Objecting will not have any bearing on your right to receive the benefits of the Settlement if it is approved by the Court.

-4-

**16. What is the procedure for objecting to the Settlement, including any objection to Class Counsel's Motion for Attorneys' Fees and Expenses or Case Contribution Award?**

You can ask the Court to deny approval of the Settlement and/or the Motion for Attorneys' Fees and Expenses of Class Counsel or the Case Contribution Award to be requested for the Class Representative by filing an objection. You can't ask the Court to order a different settlement; the Court can only approve or reject the Settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object. The Court, however, can award less than the amount requested by Class Counsel for attorneys' fees and expenses or the amount requested for the case contribution award and, if the Court does so, because of an objection or in its own discretion, although that ruling could affect the timing and amount of settlement payments, any such objection to or reduction in Class Counsel's attorneys' fees and expenses or case contribution fees to be paid to the Class Representative would not otherwise affect the finality of the Settlement.

Any objection to the proposed Settlement or Motion for Attorneys' Fees and Expenses or Case Contribution Award must be in writing in accordance with the requirements in the Preliminary Approval Order. If you file a timely written objection, you may, but are not required to, appear at the Fairness Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney. All written objections and supporting papers must (a) clearly identify the case name and number *Jones et al v. Coca-Cola Consolidated, Inc., et al.,* Case No. 3:20-cv-00654-FDW-DSC (W.D.N.C.); (b) be submitted to the Court either by mailing them to the Clerk of the Court for the United States District Court for the Western District of North Carolina, United States Courthouse, 401 West Trade Street, Room 1301, Charlotte, NC 28202, or by filing them in person at any location of the United States District Court for the Western District of North Carolina; and (c) be filed or postmarked on or before_____, 2022 [ACTUAL DATE TO BE 30 DAYS BEFORE THE FAIRNESS HEARING TO BE SUBSTITUTED IN FINAL NOTICE]. Your objection must also include (1) your full name, current address, and current telephone number, and, if represented by counsel, any of your counsel's names and contact information; (2) a written statement of your objection(s), specifying the reason(s) for each such objection, including any supporting evidence, and whether the objection applies only to you, to a specific subset of the Settlement Class, or to the entire Settlement Class; (3) copies of any papers, brief, or other documents upon which the objection is based; (4) a list of all persons who will be called to testify in support of the objection; (5) a list of any other objections to any class action settlements you or anyone acting on your behalf has submitted in any court, whether state, federal, or otherwise, in the United States in the previous five (5) years; and (6) your signature, even if you are represented by counsel.

Any party may file a response to an objection by a Class Member at least seven (7) calendar days before the Fairness Hearing.

**ANY CLASS MEMBER WHO DOES NOT OBJECT IN THE MANNER DESCRIBED ABOVE SHALL BE DEEMED TO HAVE WAIVED ANY OBJECTION AND SHALL NOT HAVE ANY RIGHT TO OBJECT TO THE FAIRNESS OR ADEQUACY OF THE SETTLEMENT.**

| Clerk of the Court | Class Counsel | Defense Counsel |
|---|---|---|
| U.S. District Court for the Western District of North Carolina Clerk of Court United States Courthouse 401 West Trade Street, Room 1301, Charlotte, NC 28202 | James E. Miller MILLER SHAH LLP 65 Main Street Chester, CT 06412 Tel: (860) 526-1100 jemiller@millershah.com | Emily S. Costin ALSTON & BIRD LLP The Atlantic Building 950 F. Street, NW Washington, D.C. 20004 Tel: (202) 239-3300 emily.costin@alston.com |
| | Mark K. Gyandoh CAPOZZI ADLER, P.C. 312 Old Lancaster Road Merion Station, PA 19066 Tel: (610) 890-0200 markg@capozziadler.com | |

## THE COURT'S FAIRNESS HEARING

**17.     When/where will the Court decide whether to approve the Settlement?**

On _____, 2022, at _____ a.m./p.m. [ACTUAL DATE AND TIME TO BE AT LEAST 110 DAYS AFTER MOTION FOR ENTRY OF PRELIMINARY APPROVAL ORDER AS ESTABLISHED BY THE COURT], in 6300 Charles R. Jonas Federal Bldg., 401 West Trade Street, Room 1301, Charlotte, NC 28202, the Court will hold a Fairness Hearing to determine whether the proposed Settlement is fair, reasonable, and adequate and whether it should be approved.  The hearing may be continued from time to time by the Court without further notice, and may be held via teleconference or videoconference.  Please check the website or contact Class Counsel if you wish to confirm that the hearing time has not been changed and to determine if it is occurring in person or by video or teleconference.

**18.     Do I have to attend the Fairness Hearing?**

No; however, you are welcome to attend at your own expense.  If you file an objection to the Settlement, you do not have to go to Court to talk about it.  As long as your objection is filed or postmarked by _____ [ACTUAL DATE TO BE 30 DAYS BEFORE THE FAIRNESS HEARING] and you comply with the requirements in answer to question 16 above, the Court will consider it.  You may also send your own lawyer at your expense to attend the Fairness Hearing.

-6-

**19.    May I speak at the Fairness Hearing?**

You may ask the Court for permission to speak at the hearing.  Anyone wishing to appear must state in their written objection their intention to appear at the Fairness Hearing, at your own expense.

Objectors or their attorneys intending to participate in at the Fairness Hearing must file a notice of intention to participate (and, if applicable, the name, address, and telephone number of the objector's attorney) with the Court by no later than _____, 2022 [ACTUAL DATE TO BE 15 DAYS BEFORE THE DATE OF FAIRNESS HEARING SPECIFIED IN THIS PRELIMINARY APPROVAL ORDER].  Any objectors, or their counsel, who does not timely file a notice of intention to participate in accordance with this Paragraph shall not be permitted to speak at the Fairness Hearing, except for good cause shown.

<strong>IF YOU DO NOTHING</strong>

**20.    What happens if I do nothing at all?**

YOU AND ALL OTHER SETTLEMENT CLASS MEMBERS WILL BE BOUND BY THE JUDGMENT AND SETTLEMENT AGREEMENT, INCLUDING THE RELEASE OF CLAIMS, IF YOU DO NOTHING.  If you are a participant, or a Beneficiary or Alternate Payee of a Participant and you have an Active Account in the Plan, you do not need to take any action to be eligible to receive the Settlement benefits.  If you are a Former Participant, or a Beneficiary or Alternate Payee of a Former Participant and you do not have an Active Account in the Plan, you must submit a Former Participant Claim Form by the submission deadline or you will not receive any of the settlement payments described above in answer to questions 7 and 8.

DATED: _____   [ACTUAL NOTICE DATE TO BE NO LATER THAN 30 DAYS AFTER ENTRY OF PRELIMINARY APPROVAL ORDER]

<strong>THIS NOTICE HAS BEEN SENT TO YOU BY ORDER<br>OF THE UNITED STATES DISTRICT COURT<br>FOR THE WESTERN DISTRICT OF NORTH CAROLINA</strong>

# EXHIBIT C

**PLAN OF ALLOCATION**

**1.1**     Each capitalized term below has the definition provided in the Agreement.

**1.2**     After the Effective Date, the Settlement Administrator shall cause the Net Settlement Amount to be allocated and distributed to the Plan for payments to the accounts of participants as set forth in Paragraph 1.6 below, and to Former Participants as set forth in Paragraph 1.7 below, both in accordance with the Plan of Allocation set forth herein and as ordered by the Court.

**1.3**     To be eligible for a payment from the Net Settlement Amount, a person must be a Participant, Former Participant, Beneficiary, or Alternate Payee.  Participants, as well as Beneficiaries or Alternate Payees with Active Accounts, shall receive their settlement payments as additions to their Active Accounts, as provided for in Paragraph 1.6 below.  Former Participants, and Beneficiaries or Alternate Payees who do not have Active Accounts, shall receive their settlement payments in the form of rollovers to an individual retirement account or other eligible employer plan or in the form of checks, as provided in Paragraph 1.7 below.

**1.4**     Beneficiaries will receive settlement payments, as described in this Plan of Allocation, in amounts corresponding to their entitlement as Beneficiaries of the participant or of the Former Participant with respect to which the payment is made.  This includes settlement payments to Beneficiaries based upon the participant's or Former Participant's Plan account during the Class Period and/or by the Beneficiary's own Plan account during the Class Period, if an account was created in the Plan for the Beneficiary.  Alternate Payees will receive settlement payments if and to the extent they are entitled to receive a portion of a participant's or Former Participant's allocation under this Plan of Allocation pursuant to the terms of the applicable QDRO, including Alternate Payees for whom an account was created in the Plan.  Beneficiaries and Alternate Payees with Active Accounts will receive payments by the method described in this Plan of Allocation for Participants.  Beneficiaries and Alternate Payees who do not have Active Accounts will receive payments by the method described in this Plan of Allocation for Former Participants.  The Settlement Administrator shall have sole and final discretion to determine the amounts to be paid to Beneficiaries and Alternate Payees in accordance with the Plan of Allocation set forth herein and as ordered by the Court.

**1.5     Calculation of Settlement Payments.**  Payments to participants, Former Participants, Beneficiaries, or Alternate Payees, shall be calculated by the Settlement Administrator pursuant to the Plan of Allocation as follows:

    1.5.1   The Settlement Administrator shall determine a "Settlement Allocation Score" for each participant, Former Participant, Beneficiary, or Alternate Payee by (i) determining the year-end account balances of each participant and Former Participant during the Class Period, or, if a Beneficiary or Alternate Payee had a separate account in the Plan during the Class Period, by determining the year-end balance of each such Beneficiary or Alternate Payee; and (ii) dividing the sum of each participant's or Former Participant's, or to the extent applicable, each Beneficiary's or Alternate Payee's, year-end account balances during the Class Period by the total sum of year-end asset amounts in the Plan during the Class Period.  The Settlement Allocation Score shall be used to calculate the

1

*pro rata* settlement payment to each participant, Former Participant, Beneficiary, or Alternate Payee.

1.5.2   If the dollar amount of the settlement payment to a Former Participant, or a Beneficiary or Alternate Payee who does not have an Active Account, is initially calculated by the Settlement Administrator to be $10.00 or less, then that person's payment shall be $10.00.  All such amounts shall be retained in the Settlement Fund for distribution under Paragraph 1.13.

1.5.3   The Plan's Recordkeeper (or designees) shall provide the necessary data subject to its control as may be reasonably available and necessary to enable the Settlement Administrator to perform the above calculations.

1.5.4   The Settlement Administrator shall utilize the calculations required to be performed herein for (a) making the required payments to Former Participants, and to Beneficiaries or Alternate Payees who do not have Active Accounts, under Paragraph 1.7 of this Plan of Allocation; and (b) instructing the Plan as to the amount of the Net Settlement Amount to be allocated to Participants, and to Beneficiaries or Alternate Payees who have Active Accounts, under Paragraph 1.6 of this Plan of Allocation and calculating the total amount to deposit into each of their Active Account(s) to fulfill this instruction.

1.5.5   The total amount of all rollovers or checks to be paid by the Settlement Administrator for Former Participants, and Beneficiaries or Alternate Payees who do not have Active Accounts, plus the total amount of all allocations that the Plan is instructed to make to participants, and Beneficiaries or Alternate Payees who have Active Accounts, may not exceed the Net Settlement Amount.  Nothing in this Paragraph 1.5 is intended to modify the requirements of Paragraph 1.8 below.  In the event that the Settlement Administrator determines that the Plan of Allocation total would otherwise exceed the Net Settlement Amount, the Settlement Administrator is authorized and required to make such *pro rata* changes as are necessary to the Plan of Allocation such that said total does not exceed the Net Settlement Amount.

**1.6    Payments to Participants and Beneficiaries or Alternate Payees with Active Accounts.**  Participants, and Beneficiaries or Alternate Payees who have Active Accounts, will not be required to submit a Former Participant Claim Form to receive a settlement payment.

1.6.1 Within two (2) business days after the Settlement Administrator has completed all payment calculations for all participants, and Beneficiaries or Alternate Payees who have Active Accounts, the Settlement Administrator will provide the Plan's Recordkeeper, in a format and via a delivery method mutually agreed upon by the Settlement Administrator and the Plan's Recordkeeper, with an Excel spreadsheet containing the name, Social Security number (or alternative identifier(s) mutually acceptable), and amount of the settlement payment to be made into the Active Account(s) for each of these persons.  In the event the Excel spreadsheet includes Social Security numbers, the Settlement Administrator will transmit the spreadsheet in a manner to protect the confidentiality of any such Social Security numbers.

2

1.6.2    Thereafter, within ten (10) business days' written notice to the Plan and the Plan's Recordkeeper, the Settlement Administrator shall effect a transfer from the Settlement Fund to the trust for the Plan of the aggregate amount of all settlement payments payable to participants, and Beneficiaries or Alternate Payees who have Active Accounts, as reflected in the spreadsheet provided by the Settlement Administrator.  Defendants (or their designee) shall direct the Plan's Recordkeeper to credit the individual Active Account(s) of each such person in an amount equal to that stated on the spreadsheet provided by the Settlement Administrator in relation to each such person.

1.6.3    The settlement payment for each participant who is an active participant in the Plan (*i.e.*, has the right to make contributions to the Plan), will be invested in accordance with and proportionate to such participant's investment elections then on file for new contributions.  If the participant is no longer an active participant in the Plan, or does not have an investment election on file, then such participant shall be deemed to have directed such payment to be invested in the Plan's default investment option.  Likewise, the settlement payment to each Beneficiary or Alternate Payee who has an Active Account will be invested in accordance with and proportionate to such person's investment elections then on file, or if such a person does not have investment elections on file, then such persons will be deemed to have directed such payments to be invested in the Plan's default investment option.

1.6.4    The Plan's Recordkeeper shall process all settlement payments to participants, and Beneficiaries or Alternate Payees who have Active Accounts, as soon as administratively feasible after the Plan receives the payment from the Settlement Fund and the Excel spreadsheet containing the agreed-upon information.

1.6.5    The Plan may be amended, to the extent necessary, to reflect the settlement allocation to Active Account(s) in accordance with this Plan of Allocation.

1.6.6    If, as of the date when payments pursuant to this Settlement Agreement are made, a participant, or Beneficiary or Alternate Payee who had an Active Account, no longer has an Active Account, he, she or they will be treated as a Former Participant for purposes of the settlement distribution only and will receive his, her or their payment from the Settlement Administrator in the form of a check or rollover as described in Paragraph 1.7.  A participant, or Beneficiary or Alternate Payee who had an Active Account, who no longer has an Active Account on the date of his, her or their settlement distribution need not complete a Former Participant Claim Form.

**1.7    Payments to Former Participants, and Beneficiaries or Alternate Payees without Active Accounts.**  Each Former Participant, and Beneficiary or Alternate Payee who does not have an Active Account, will have the opportunity to elect a rollover of his, her or their settlement payment to an individual retirement account or other individual employer plan, which he, she or they have identified on the Former Participant Claim Form, provided that such a person supplies adequate information to the Settlement Administrator to effect the rollover. Otherwise, the Former Participant, or Beneficiary or Alternate Payee who does not have an Active Account, will receive his, her or their settlement payment directly by check.  The distributions shall be issued as follows:

3

1.7.1    The Settlement Administrator will either effect from the Settlement Fund the rollover elected by the Former Participant, or Beneficiary or Alternate Payee who does not have an Active Account, in the Former Participant Claim Form (if the conditions for such rollover are satisfied) and any associated paperwork necessary to effect the settlement distribution by rollover, *or* issue a check from the Settlement Fund to the Former Participant, or Beneficiary or Alternate Payee who does not have an Active Account, and mail the check to the address of such person listed in his, her or their Former Participant Claim Form, or in the case of ambiguity or uncertainty, to the address of such person as determined by the Settlement Administrator using commercially reasonable means.

1.7.2    With respect to settlement payments that are not rolled over or for which the Former Participant, or Beneficiary or Alternate Payee did not receive a check, the Settlement Administrator shall (i) calculate and withhold any applicable taxes associated with the payments allocable to the Former Participant, or Beneficiary or Alternate Payee who does not have an Active Account; (ii) report such payments and remit such tax withholdings to the Internal Revenue Service and applicable state revenue agents; and (iii) issue appropriate tax forms to these persons.

**1.8**    This Plan of Allocation is based upon preliminary data regarding the Class Members who may be entitled to settlement payments.  If the Settlement Administrator concludes that it is impracticable to implement any provision of this Plan of Allocation, the Settling Parties agree to promptly discuss modifications to the terms of this Plan of Allocation and present such modified terms to the Court for its approval.  Direct mailed notice to Class Members of such proposed modification of the Plan of Allocation shall not be required.  However, notice of such proposed modification shall be posted by the Settlement Administrator on the Settlement Website.

The Settlement Administrator shall be solely responsible for performing any calculations required by this Plan of Allocation.

**1.9**    Within ten (10) business days of completing all aspects of this Plan of Allocation, the Settlement Administrator shall send to Class Counsel and Defense Counsel one or more affidavits stating the following: (a) the name of each Class Member to whom the Settlement Administrator sent the Settlement Notice and/or the Former Participant Claim Form, and the address of such mailing; (b) the date(s) upon which the Settlement Administrator sent the Settlement Notice and/or the Former Participant Claim Form; (c) the name of each Class Member whose Settlement Notice and/or Former Participant Claim Form was returned as undeliverable; (d) the efforts made by the Settlement Administrator to find the correct address and to deliver the Settlement Notice and/or Former Participant Claim Form for each such Class Member; and (e) the name of each Class Member to whom the Settlement Administrator made a payment from the Net Settlement Amount, together with the amount and form of the payment, the name of the payee, the date of payment, the amount of tax withholdings, if applicable, and the date of remittance of tax withholdings to the appropriate tax authority, if applicable.

**1.10**    The Parties acknowledge that any payments to Class Members or their attorneys may be subject to applicable tax laws.  Defendants and Defense Counsel will provide no tax advice to the Class Members and make no representation regarding the tax consequences of any of the

4

settlement payments described in this Settlement Agreement. To the extent that any portion of any settlement payment is subject to income or other tax, the recipient of the payment shall be responsible for payment of such tax. Deductions will be made, and reporting will be performed by the Settlement Administrator, as required by law in respect of all payments made under the Settlement Agreement. Payments from the Settlement Fund shall not be treated as wages by the Parties.

1.11    Each Class Member who receives a payment under this Settlement Agreement shall be fully and ultimately responsible for payment of any and all federal, state, or local taxes resulting from or attributable to the payment received by such person. Each Class Member shall hold Defendants, the Released Parties, Defense Counsel, Class Counsel, and the Settlement Administrator harmless from any tax liability, including penalties and interest, related in any way to payments under the Settlement Agreement, and shall hold Defendants, the Released Parties, Defense Counsel, Class Counsel, and the Settlement Administrator harmless from the costs (including, for example, attorneys' fees and disbursements) of any proceedings (including, for example, investigation and suit), related to such tax liability.

1.12    All checks issued pursuant to this Plan of Allocation shall expire one hundred eighty (180) calendar days after their issue date. All checks that are undelivered or are not cashed before their expiration date shall revert to the Settlement Fund.

1.13    No sooner than three hundred ninety-five (395) calendar days following the Settlement Effective Date, any Net Settlement Amount remaining in the Settlement Fund after payments, including costs and taxes, shall be paid to the Plan for the benefit of the Plan's participants.

5

# EXHIBIT D

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| CHEYENNE JONES AND SARA J. GAST, Individually and as a representative of a class of similarly situated persons, on behalf of the COCA-COLA CONSOLIDATED, INC. 401(k) PLAN, | : : : : : : | Civil Action No. 3:20-CV-00654 (FDW-DSC) |
| Plaintiffs, | : : | |
| v. | : : | |
| COCA-COLA CONSOLIDATED, INC., THE BOARD OF DIRECTORS OF COCA-COLA CONSOLIDATED, INC., THE CORPORATE BENEFITS COMMITTEE OF COCA-COLA and DOES NO. 1-10, Whose Names Are Currently Unknown, | : : : : : : : | |
| Defendants. | : : | |

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, PRELIMINARILY CERTIFYING A CLASS FOR SETTLEMENT PURPOSES, APPROVING FORM AND MANNER OF SETTLEMENT NOTICE, PRELIMINARILY APPROVING PLAN OF ALLOCATION, <u>AND SCHEDULING A DATE FOR A FAIRNESS HEARING</u>**

This Class Action involves claims for alleged violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, *et seq.* ("ERISA"), with respect to the Coca-Cola Consolidated, Inc. 401(k) Plan (the "Plan").[1] The terms of the Settlement are set out in the Agreement, fully executed as of February 22, 2021, by counsel on behalf of the Class Representatives, all Class Members, and Defendants, respectively.

Pursuant to the Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, Preliminary Certification of a Class for Settlement Purposes, Approving Form and Manner of

---

[1] All capitalized terms not otherwise defined in this Preliminary Approval Order shall have the same meaning as ascribed to them in the Settlement Agreement.

1

Settlement Notice, Preliminarily Approving Plan of Allocation, and Scheduling a Date for a Fairness Hearing filed on February 22, 2022, the Court preliminarily considered the Settlement to determine, among other things, whether the Settlement is sufficient to warrant the issuance of notice to members of the proposed Settlement Class. Upon reviewing the Agreement and the matter having come before the Court on _____, 2022, due notice having been given and the Court having been fully advised in the premises, it is hereby **ORDERED, ADJUDGED, and DECREED** as follows:

1. **Preliminary Certification of the Settlement Class.** In accordance with the Settlement Agreement, and pursuant to Rules 23(a) and (b)(1) of the Federal Rules of Civil Procedure, this Court hereby conditionally certifies the following class ("Settlement Class"):

> All participants and beneficiaries of the Plan, at any time during the Class Period, including any beneficiary of a deceased person who was a participant in the Plan at any time during the Class Period, and any Alternate Payees, in the case of a person subject to a QDRO who was a participant in the Plan at any time during the Class Period. The Class shall exclude all Defendants.

2. Pursuant to the Agreement, and for settlement purposes only, the Court preliminarily finds that:

(a) as required by FED. R. CIV. P. 23(a)(1), the Settlement Class is ascertainable from records kept with respect to the Plan and from other objective criteria, and the Settlement Class is so numerous that joinder of all members is impracticable;

(b) as required by FED. R. CIV. P. 23(a)(2), there are one or more questions of law and/or fact common to the Settlement Class;

(c) as required FED. R. CIV. P. 23(a)(3), the claims of the Class Representatives are typical of the claims of the Settlement Class for which the Class Representatives seek certification;

(d) as required by FED. R. CIV. P. 23(a)(4), the Class Representatives will fairly and

2

adequately protect the interests of the Settlement Class in that: (i) the interests of the Class Representatives and the nature of the alleged claims are consistent with those of the Settlement Class members; and (ii) there appear to be no conflicts between or among the Class Representatives and the Settlement Class;

(e) as required by FED. R. CIV. P. 23(b)(1), the prosecution of separate actions by individual members of the Settlement Class would create a risk of: (i) inconsistent or varying adjudications as to individual Settlement Class members that would establish incompatible standards of conduct for the parties opposing the claims asserted in the Class Action; or (ii) adjudications as to individual Settlement Class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications, or substantially impair or impede the ability of such persons to protect their interests.

(f) as required by FED. R. CIV. P. 23(g), Class Counsel are capable of fairly and adequately representing the interests of the Settlement Class, and Class Counsel: (i) have done appropriate work identifying or investigating potential claims in the Class Action; (ii) are experienced in handling class actions; and (iii) have committed the necessary resources to represent the Settlement Class; and

3.      The Court preliminarily appoints Cheyenne Jones and Sara J. Gast as Class Representatives for the Settlement Class and Miller Shah LLP and Capozzi Adler, P.C. as Class Counsel for the Settlement Class.

4.      **Preliminary Approval of Proposed Settlement.** The Agreement is hereby preliminarily approved as fair, reasonable, and adequate.  This Court preliminarily finds that:

a)   the Settlement was negotiated vigorously and at arm's length, under the

3

auspices of the Mediator, by Defense Counsel, on the one hand, and by Class Counsel on behalf of the Class Representatives and the Settlement Class, on the other hand;

b)     the Class Representatives and Class Counsel had sufficient information to evaluate the settlement value of the Class Action and have concluded that the Settlement is fair, reasonable, and adequate;

c)     if the Settlement had not been achieved, the Class Representatives and the Settlement Class faced the expense, risk, and uncertainty of protracted litigation;

d)     the amount of the Settlement – three million five hundred thousand dollars ($3,500,000) is fair, reasonable, and adequate, taking into account the costs, risks, and delay of litigation, trial, and appeal.  The method of distributing the Net Settlement Amount is efficient, relying substantially on Defendants' records, requiring no filing of claims for participants, Beneficiaries, and Alternate Payees with Active Accounts, and requiring only a modest Former Participant Claim Form for Former Participants, Beneficiaries, and Alternate Payees without Active Accounts.  The Settlement terms related to attorneys' fees do not raise any questions concerning fairness of the Settlement, and there are no agreements, apart from the Settlement, required to be considered under FED. R. CIV. P. 23(e)(2)(C)(iv).  The Settlement Amount is within the range of settlement values obtained in similar cases;

e)     at all times, the Class Representatives and Class Counsel have acted independently of the Defendants and in the interest of the Settlement Class; and

f)     the proposed Plan of Allocation is fair, reasonable, and adequate.

5.     **Establishment of Qualified Settlement Fund.** A common fund is agreed to by the Parties in the Agreement and is hereby established and shall be known as the "Settlement Fund." The Settlement Fund shall be a "qualified settlement fund" within the meaning of Treasury

4

Regulations § 1.468-1(a) promulgated under Section 468B of the Internal Revenue Code. The Settlement Fund shall be funded and administered in accordance with terms of the Settlement Agreement. Defendants shall have no withholding, reporting or tax reporting responsibilities with regard to the Settlement Fund or its distribution, except as otherwise specifically identified in the Agreement. Moreover, Defendants shall have no liability, obligation, or responsibility for administration of the Settlement Fund or the disbursement of any monies from the Settlement Fund except for: (1) their obligation to cause the Settlement Amount to be paid; and (2) their agreement to cooperate in providing information that is necessary for settlement administration set forth in the Agreement. The Settlement Administrator may make disbursements out of the Settlement Fund only in accordance with this Preliminary Approval Order or any additional Orders issued by the Court. The Settlement Fund shall expire after the Settlement Administrator distributes all of the assets of the Settlement Fund in accordance with the Settlement Agreement; provided, however, that the Settlement Fund shall not terminate until its liability for any and all government fees, fines, taxes, charges and excises of any kind, including income taxes, and any interest, penalties or additions to such amounts, are, in the Settlement Administrator's sole discretion, finally determined and all such amounts have been paid by the Settlement Fund. The Court and the Settlement Administrator recognize that there will be tax payments, withholding and reporting requirements in connection with the administration of the Settlement Fund. The Settlement Administrator shall, in accordance with the Settlement Agreement, determine, withhold and pay over to the appropriate taxing authorities any taxes due with respect to any distribution from the Settlement Fund and shall make and file with the appropriate taxing authorities any reports or returns due with respect to any distributions from the Settlement Fund. The Settlement Administrator also shall determine and pay any income taxes owing with respect to the income

5

earned by the Settlement Fund. Additionally, the Settlement Administrator shall file returns and reports with the appropriate taxing authorities with respect to the payment and withholding of taxes. The Settlement Administrator, in its discretion, may request expedited review and decision by the IRS or the applicable state or local taxing authorities, with regard to the correctness of the returns filed for the Settlement Fund and shall establish reserves to assure the availability of sufficient funds to meet the obligations of the Settlement Fund itself and the Settlement Administrator as fiduciaries of the Settlement Fund. Reserves may be established for taxes on the Settlement Fund income or on distributions. The Settlement Administrator shall have all the necessary powers, and take all necessary ministerial steps, to effectuate the terms of the Settlement Agreement, including the payment of all distributions. Such powers include investing, allocating and distributing the Settlement Fund, and in general supervising the administration of the Settlement Agreement in accordance with its terms and this Order. The Settlement Administrator shall keep detailed and accurate accounts of all investments, receipts, disbursements and other transactions of the Settlement Fund. All accounts, books and records relating to the Settlement Fund shall be open for reasonable inspection by such persons or entities as the Court orders. Included in the Settlement Administrator's records shall be complete information regarding actions taken with respect to the award of any payments to any person; the nature and status of any payment from the Settlement Fund and other information which the Settlement Administrator considers relevant to showing that the Settlement Fund is being administered, and awards are being made, in accordance with the purposes of the Settlement Agreement, this Preliminary Approval Order, and any future orders that the Court may find it necessary to issue.

6.      **Fairness Hearing** – A hearing is scheduled for _____, 2022, (at least 110 days after the date the motion for entry of the Preliminary Approval Order is filed) to make a final determination concerning, among other things:

- any objections from Class Members to the Settlement or any aspects of it;

- whether the Settlement merits final approval as fair, reasonable, and adequate;

- whether the Class Action should be dismissed with prejudice pursuant to the terms of the Settlement;

- whether Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Settlement;

- whether the proposed Plan of Allocation should be granted final approval; and

- whether Class Counsel's application(s) for Attorneys' Fees and Expenses and Case Contribution Awards to the Class Representatives are fair and reasonable, and should be approved.

7.      **Settlement Notice.** The Court approves the form of Settlement Notice attached as Exhibit B to the Settlement Agreement and Former Participant Claim Form attached as Exhibit E to the Settlement Agreement.  The Court finds that such form of notice fairly and adequately: (a) describes the terms and effects of the Agreement, the Settlement, and the Plan of Allocation; (b) notifies Former Participants, Beneficiaries, and Alternate Payees without Active Accounts of how to submit a claim; (c) notifies the Settlement Class that Class Counsel will seek attorneys' fees and litigation costs from the Settlement Fund, payment of the costs of administering the Settlement out of the Settlement Fund, and a Case Contribution Award for the Class Representatives for their service in such capacity; (d) gives notice to the Settlement Class of the time and place of the

7

Fairness Hearing; and (e) describes how the recipients of the Notice may object to any of the relief requested.

8.     **Settlement Administrator.**  The Court hereby approves the appointment of Strategic Claims Services as the Settlement Administrator for the Settlement.  The Court directs that the Settlement Administrator shall:

- By no later than _____, 2022 (30 days after entry of this Preliminary Approval Order), cause the Settlement Notice and Former Participant Claim Form, with such non-substantive modifications thereto as may be agreed upon by the Parties, to be provided by first-class mail, postage prepaid, to the last known address of each member of the Settlement Class who can be identified through reasonable effort. The Settlement Administrator shall use commercially reasonable efforts to locate any Class Member whose Settlement Notice and Former Participant Claim Form is returned and re-send such documents one additional time.  In addition, for each Former Participant, Beneficiary, and Alternate Payee who has not returned the Former Participant Claim form within sixty (60) days of the entry of the Preliminary Approval Order, the Settlement Administrator shall send within seven (7) days thereafter a post card by e-mail (if available) or first-class mail, postage prepaid, to such Class Members notifying them again of the deadline by which to submit the Former Participant Claim Form.

- The Court finds that the contents of the Settlement Notice and the process described herein and in the Settlement are the best notice practicable under the circumstances, and satisfy the requirements of Rule 23(c) and Due Process.

8

9. **Petition for Attorneys' Fees, Litigation Costs and Case Contribution Awards.** Any petition by Class Counsel for attorneys' fees, litigation costs and Case Contribution Awards to the Class Representatives, and all briefs in support thereof, shall be filed no later than _____, 2022 (45 days before the date of the Fairness Hearing specified in this Preliminary Approval Order).

10. **Briefs in Support of Final Approval of the Settlement** – Briefs and other documents in support of final approval of the Settlement shall be filed no later than _____, 2022 (45 days before the date of the Fairness Hearing specified in this Preliminary Approval Order).

11. **Objections to Settlement** – Any member of the Settlement Class or authorized recipient of any CAFA Notice may file an objection to the fairness, reasonableness, or adequacy of the Settlement, to any term of the Settlement Agreement, to the Plan of Allocation, to the proposed award of attorneys' fees and litigation costs, to the payment of costs of administering the Settlement out of the Qualified Settlement Fund, or to the request for a Case Contribution Award for the Class Representatives. An objection must include: (a) the full name, address, and telephone number of the objector; (b) a written statement of his, her, their or its objection(s), specifying the reason(s), if any, for each such objection made, including any legal support and/or evidence that the objector wishes to bring to the Court's attention or introduce in support of the objection(s) and whether the objection is on behalf of the objector only, a portion of the Settlement Class, or the Settlement Class as a whole; (c) copies of any papers, brief, or other documents upon which the objection is based; (d) a list of all persons (if any) who will be called to testify in support of the objection; (e) a list of other cases in which the objector or the objector's counsel have appeared either as settlement objectors or as counsel for objectors in the previous five years; and (f) the

objector's signature, even if represented by counsel. The address for filing objections with the Court is as follows:

> Clerk of Court
> U.S. District Court for the Western District of North Carolina
> 401 West Trade Street, Room 1301
> Charlotte, NC 28202
> Re: *Jones v. Coca-Cola Consolidated, Inc.*, Case No. 3:20-cv-00654-FDW-DSC (W.D.N.C.)

The objector or his, her, their or its counsel (if any) must file or postmark the objection(s) and supporting materials with the Court and provide a copy of the objection(s) and supporting materials to Class Counsel and Defense Counsel at the addresses in the Settlement Notice no later than _____, 2022 (30 days before the date of the Fairness Hearing specified in this Order). If an objector hires an attorney to represent him, her, them or it for the purposes of making an objection pursuant to this Paragraph, the attorney must also file a notice of appearance with the Court no later than _____, 2022 (15 days before the date of the Fairness Hearing specified in this Preliminary Approval Order). Any member of the Settlement Class or other person who does not timely file a written objection complying with the terms of this Paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement, and any untimely objection shall be barred. Any responses to objections shall be filed with the Court no later than _____, 2022 (seven days before the date of the Fairness Hearing specified in this Preliminary Approval Order). There shall be no reply briefs.

12.     Any additional briefs the Settling Parties may wish to file in support of the Settlement shall be filed no later than _____ (seven days before the date of the Fairness Hearing specified in this Preliminary Approval Order).

13.     **Participation in Final Approval Hearing.** Any objector who files a timely, written objection in accordance with Paragraph 11 above may also participate in the Fairness

Hearing either in person or through qualified counsel retained at the objector's expense. Objectors or their attorneys intending to participate in at the Fairness Hearing must file a notice of intention to participate (and, if applicable, the name, address, and telephone number of the objector's attorney) with the Court by no later than _____, 2022 (15 days before the date of Fairness Hearing specified in this Preliminary Approval Order). Any objectors, or their counsel, who does not timely file a notice of intention to participate in accordance with this Paragraph shall not be permitted to speak at the Fairness Hearing, except for good cause shown.

14. **Notice Expenses.** The expenses of printing, mailing, and publishing the Settlement Notice required herein shall be paid exclusively from the Settlement Fund.

15. **Parallel Proceedings.** Pending final determination of whether the Settlement Agreement should be approved, the Class Representatives, every Class Member, and the Plan are prohibited and enjoined from directly, through representatives, or in any other capacity, commencing any action or proceeding in any court or tribunal asserting any of the Released Claims against the Defendant Released Parties.

16. **Class Action Fairness Act Notice.** Defendants shall cause notice to be disseminated consistent with the Class Action Fairness Act of 2005 ("CAFA"), which, upon mailing, will discharge Defendants' obligations pursuant to CAFA.

17. **Continuance of Final Approval Hearing.** The Court reserves the right to continue the Fairness Hearing without further written notice to the Class Members and also may schedule the hearing to be done by telephone or video conference.

11

SO ORDERED this ____ day of _____, 2022.

_____
Hon. Frank D. Whitney
United States District Judge

# EXHIBIT E

## Former Participant Claim Form

If you were a participant in a defined contribution 401(k) retirement plan known as the Coca-Cola Consolidated, Inc. 401(k) Retirement Savings Plan (the "Plan") on or after November 24, 2014 through [INSERT PRELIMINARY APPROVAL DATE] (the "Class Period") but you do not have an active account with the Plan, or are a Beneficiary or Alternate Payee (in the case of a person subject to a Qualified Domestic Relations Order) of a Former Participant, and would like to receive a payment from the *Jones v. Coca-Cola Consolidated, Inc.* Settlement, you must complete the form below and mail it to Coca-Cola Consolidated 401k Settlement Administrator, c/o Strategic Claims Services, 600 N Jackson Street, Suite 205, Media, PA 19063 to be received <u>NO LATER THAN [</u><u>INSERT DEADLINE TO FILE FORMER PARTICIPANT CLAIM FORM</u>]. "Former Participant" means a person who had an active account with a positive balance in the Plan during the Class Period but who did not have an account with the Plan with a balance greater than $0 as of [INSERT PRELIMINARY APPROVAL DATE]. "Beneficiary" or "Alternate Payee" means, for the purposes of this Former Participant Claim Form, a Beneficiary or Alternate Payee of a participant in the Plan (who maintained a positive account balance in the Plan during the Class Period), but did not have an active account in the Plan as of [INSERT PRELIMINARY APPROVAL DATE].

### Participant Information

| Name | | |
|---|---|---|
| Address | | |
| Address 2 | | |
| City | State | Zip |
| Participant's Social Security Number | Phone (Preferred) | Phone (Alternate) |
| Participant's Date of Birth | | |
| Email Address | | |

### Beneficiary or Alternate Payee Information (ONLY PROVIDE IF THIS PERSON SHOULD RECEIVE PAYMENT INSTEAD OF THE PARTICIPANT)

| Your Name | | |
|---|---|---|
| Address | | |
| Address 2 | | |
| City | State | Zip |
| Your Social Security Number | Phone (Preferred) | Phone (Alternate) |
| Your Date of Birth | | |
| Email Address | | |

**Payment Election (choose only one)**

☐ I WANT A CHECK MADE PAYABLE TO ME AND MAILED TO ME. Choosing this option entails the Settlement Administrator withholding 20% or more of your total payment for tax withholdings. The Settlement Administrator will mail your check to the Name and Address listed above.

**OR**

☐ I WANT A CHECK MADE PAYABLE TO MY RETIREMENT ACCOUNT AS A ROLLOVER DISTRIBUTION. PLEASE MAKE THE CHECK PAYABLE TO:

| | |
|---|---|
| Account Name | |
| Account Number | |
| Contact or Trustee (if required) | |
| Address Line 1 | |
| Address Line 2 | |
| City, State, Zip | |

**NOTE: There is no promise or assurance that these funds are eligible for rollover or tax-preferred treatment. The decision to seek rollover treatment is yours alone. Any questions about taxation or rollover treatment must be directed to your tax advisor or accountant. No one associated with this case can provide you with assistance or advice of any kind in this regard or answer any tax questions.**

**Required Certification Regarding Qualified Domestic Relations Order ("QDRO"):** I hereby certify and represent under penalty of perjury that no portion of the payment to be received hereunder is subject to a QDRO, or, that a true and accurate and current copy of any applicable QDRO is attached hereto along with name and address of any payee other than Class Member. Payment will be made in accordance with any QDRO supplied.

**Signature (Required):**_____ **Date:**_____

**Deceased Class Members**

Deceased Class Members are not eligible for rollover treatment. A Beneficiary of a deceased person who was a participant in the Plan at any time during the Class Period, including executors, heirs, assigns, estates, personal representatives or successors-in-interest, must provide the following information with this Former Participant Claim Form to Coca-Cola Consolidated 401k Settlement Administrator, c/o Strategic Claims Services, 600 N Jackson Street, Suite 205, Media PA 19063:

- Evidence that such person is authorized to receive distribution of the deceased Class Member's settlement payment and the name and, if applicable, the percentage entitlement of each person entitled to receive distribution;
- Social Security Number of each person entitled to receive payment;
- Current mailing address of each person entitled to receive payment; and
- Person(s) to whom check(s) should be made payable, and amount(s) of check(s).